## ANSS v. THE STATE OF OHIO.

*Criminal law—Contributing to delinquency—Proof to convict
adult—Unnecessary to establish that child adjudged a de-
linquent.*

In order that an adult may be convicted of contributing to
    a child's delinquency it is not necessary to establish by
    a separate proceeding that the child was adjudged a delin-
    quent. It is sufficient to establish by evidence, like any
    other necessary fact in a criminal case, that the child
    was guilty of acts of delinquency to which the accused
    contributed.

                    (Decided June 19, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. George, S. Hawke*, for plaintiff in error.
*Mr. John Weinig*, for defendant in error.

CUSHING, J. This case comes into this court on
error to the court of common pleas of Hamilton
county, division of domestic relations.

The plaintiff in error was arrested, tried by a
jury, found guilty, and sentenced for contributing
to the delinquency of Charles Landy, a boy sixteen
years of age.

Anss was one of the owners of a public pool-
room on Central avenue, in Cincinnati.

The charge against Anss was encouraging and
permitting young Landy and other young boys to
congregate and play pool in his poolroom.

Prior to his arrest, and while Landy and the other
boys were in the poolroom playing pool, a police
officer entered and asked Landy his age. He an-

swered that he was sixteen years old. The officer, William J. Stath, swore to the affidavit upon which Anss was arrested.

But one of the numerous errors assigned by plaintiff in error was argued and briefed by counsel.

The conviction of Anss was predicated on his act of contributing to the delinquency of the boy on March 21, 1921. At his trial on May 4, 1921, the court admitted in evidence a judgment that on March 30, 1921, the boy Landy had been adjudged a delinquent.

Plaintiff in error claims that the court erred in admitting that evidence, as it was a judgment entered subsequent to the date on which he was charged with contributing to the delinquency. While there was direct evidence on the trial that the boy was playing pool on March 21, 1921, we do not base our conclusion on that evidence.

The court below seems to have been under a misapprehension of the law in regard to trials of this character. The confusion has arisen from the following language of the opinion in *Fischer* v. *State*, 84 Ohio St., 360, at 369:

"The record of the conviction of the minor child upon a charge of delinquency was properly admitted in evidence as tending to show that she was a delinquent child, without proof of which the charge must fail no matter how culpable his acts may be, for if she had not become a delinquent then in the very nature of things he could not have contributed to her delinquency."

This language means:

First: That the record of such conviction was proper evidence in a case like the one at bar.

Second: That on the trial of one charged with contributing to a child's delinquency, it must be established by evidence that the child was a delinquent at, or about the time, accused was charged with contributing to the child's delinquency.

It does not state and it is difficult to see how the language above quoted could be construed to mean that every child must be adjudged a delinquent, before an adult could be held guilty of contributing to such delinquency.

It is the law that on a charge of contributing to a child's delinquency it must be established by evidence that the child was guilty of acts of delinquency, to which the adult contributed. The delinquency of a child is a fact to be established like any other necessary fact in a criminal case.

Section 1644, General Code, defines a delinquent child, among other things, as one "who patronizes or visits a public pool or billiard room or bucket shop."

It should be made clear that it is not necessary to establish by a separate proceeding that a child was guilty of delinquency, and that it be so adjudged and placed on probation, before an adult may be convicted of contributing to its delinquency.

It is not every infraction of the law by a child that should require the court to judicially determine him a delinquent, and place him on probation. While proof of such infraction, contributed to by an adult, is sufficient to sustain the conviction of contributing to the delinquency, in many

cases it would be better not to have a judicial determination of delinquency.

Counsel for plaintiff in error has cited the case of *Willison* v. *State,* 21 C. C. (N. S.), 526. That case is not authority for the contention made in this case.

Our conclusion is that it would have been better in this case had there not been a judicial determination of the child's delinquency, that the fact that he was in that poolroom on the 21st day of March, 1921, engaged in playing pool, contrary to the statute, was a question to be established by evidence as the basis of the conviction of Anss for contributing to his delinquency, and the contention of counsel that proof of that fact must be established by the judgment of the court of domestic relations, prior to March 21, 1921, is untenable.

For the reason above stated, the judgment of the court below will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.