EDMONDS v. STATE.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided Mar. 23, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

Williams, J., of the 6th, and Thomas, J., of the 4th Dist., sitting.

380. DELINQUENCY—49. Affidavits.

Affidavit, charging contributing to delinquency of minor, charges no offense unless it specifies acts of which delinquency consists.

Error to Common Pleas.
Judgment reversed.

Nathan M. Kaufman, Youngstown, for plaintiff in error.

FULL TEXT.

WILLIAMS, J.

The plaintiff in error was convicted in the Common Pleas Court of this county on a charge of contributing to the delinquency of a minor, seventeen years of age, and sentenced to the reformatory for women at Marysville, Ohio, for an indeterminate term. Error was prosecuted to this court and the question made by the plaintiff in error is that the affidavit does not charge an offense. The affidavit charges:

"That on or about the 29th day of June, 1927, at the County of Mahoning aforesaid, one Ester Edmonds did contribute toward the delinquency of one Frances Miller, then and there a minor under the age of seventeen years, to-wit, of the age of seventeen years, in this, to-wit; In that she was a party in taking said minor away from home contrary to the wishes of her mother, and in divers other ways and times, she the said Mrs. Ester Edmonds, did wilfully and unlawfuly contribute to the delinquency of said minor, Frances Miller, she, the said Mrs. Ester Edmonds, well knowing the said Frances Miller to be such minor."

It is fundamental that there can be no valid conviction upon an affidavit which charges no offense against the laws of the State of Ohio. We think it is wholly insufficient, even where the question is not raised until after conviction, to charge delinqency in an affidavit without specifying some facts which show that the minor was a "delinquent child" within the meaning of General Code Sec. 1644, and that it is not sufficient to charge the offense of contributing to the delinquency of a minor in the language of the statue as found in General Code Section 1654. Section 1644 defines specifically the meaning of the words "delinquent child," and Section 1654 makes it a misdemeanor to contribute toward the delinquency, "as herein defined of a minor under the age of eighteen years." The words "as herein defined" as used in Section 1654 refer to the definition of "delinquent child" contained in Section 1644. The affidavit contains no charge unless it specifies the acts of which the delinquency consisted.

For the reason that the affidavit charged no offense under the laws of Ohio, the judgment of the court below will be reversed and the defendant discharged. As the defendant has never been charged with an offense there is no reason why a sufficient affidavit may not be filed and a trial of the cause had thereon in accordance with law.

(Farr, and Thomas, JJ., concur.)