Day, J.
 

 The controversy in this case hinges upon the failure of the trial court, in its charge to the jury, to define reasonable doubt in the exact language of the statute (Section 13442-3, General Code). Whether such failure constitutes reversible error is the principal question presented for our determination.
 

 Section 13442-3, General Code, provides: “A defendant in a criminal action is presumed to be innocent until he is proved guilty of the crime charged, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he shall be acquitted. But the effect of this presumption of innocence is only to place upon the state the burden of proving him guilty beyond reasonable doubt. Reasonable doubt is defined as follows: ‘It is not a mere possible doubt, because everything relating to human affairs or depending upon moral evidence is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge.’ In charging a jury the court shall state the meaning of presumption of innocence, and read the foregoing definition of reasonable doubt.”
 

 In charging the jury it is mandatory upon the trial court to read or charge substantially the definition of reasonable doubt contained in the above quoted section of the code.
 

 The definition of reasonable doubt was substantially correct as given, although not in the exact language
 
 *584
 
 of the statute. The error complained of is technical rather than prejudicial.
 

 The verdict will not be disturbed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.