### STATE v VAN HORN

Ohio Appeals, 2nd Dist, Montgomery Co.,

No. 1649. Decided July 18, 1940.

Joseph W. Sharts, Dayton; Harold H. Singer, Dayton, for defendant-appellant.

Nicholas F. Nolan, Prosecuting Attorney, Dayton; Lawrence Baver, Asst. Prosecuting Attorney, Dayton, for plaintiff-appellee.

## OPINION

By HORNBECK, PJ.

The defendant was charged with, tried, convicted and sentenced for an offense set out in an affidavit filed in the Domestic Relations Division, Common Pleas Court, Montgomery County, Ohio.

The affidavit charged that defendant did wilfully and unlawfully aid, abet, induce, cause, encourage and contribute toward the delinquency—dependency— did act in a manner tending to cause the delinquency of one Eugene Rose then and there a minor under the age of 18 years, to-wit, of 13 years, in this, to-wit; that on or about the date herein set forth, said Everett Van Horn did have indecent and immoral relations with the said Eugene Rose contrary to the statute of such cases made and provided, * * *.

It appears that the offense charged occurred on the 26th of February, 1940. On that date defendant was arrested in Criminal Division of the Dayton Municipal Court on the charge that he did "unlawfully and wilfully commit an indecent act by exposing his person in full view of person in the lawful use of Jackson Street contrary to the form of the ordinances of said city". There is nothing in the record to disclose the manner in which the above charge was terminated in the Municipal Court. Thereafter, on March 6, 1940 the affidavit heretofore set out was filed.

After the defendant had entered his plea of not guilty it was withdrawn and a motion to quash the affidavit was interposed upon the following grounds,

(1) That the affidavit and warrant issued thereon failed to specify the alleged offense with sufficient particularity to apprise defendant of the nature and cause of the accusation, contrary to his rights under the **Constitution of Ohio, Art. I, Secs. 10 and 14.**

(2) Said affidavit and warrant failed to set forth any offense known to the laws of Ohio or under any statute or any municipal ordinance thereof.

(3) Same will place defendant twice in jeopardy for same offense, contrary to his rights under the Constitution of Ohio; he having been already tried for the same alleged acts by the Criminal Division of the Municipal Court of Dayton, Ohio.

(4) This court is without jurisdiction of the subject matter.

This motion was overruled. Thereafter defendant demurred generally to the affidavit which demurrer was overruled. The action of the trial court upon the motion to quash and upon

the demurrer is made the subject of the assignments of error. The grounds of the demurrer may be included in the first two grounds of the motion to quash.

We have heretofore held upon the first two specific questions raised against the claim of the defendant. **State v Hannawalt, 26 Abs 641.**

The third ground of the motion is that the defendant was placed twice in jeopardy by the affidavit in the Juvenile Court. There is insufficient statement of this claim and lack of proof. The manner in which former jeopardy must be asserted in Ohio is set forth in §13440-4 GC and provides that defendant who so claims,

"must set forth in his plea the court, time and place of such conviction or acquittal or jeopardy."

This was not done. But if it had been set out there is nothing whatever in the record to establish it. From what we can glean from the briefs and statements of counsel former jeopardy could not have been established because there was no showing of identity of the offenses.

The fourth ground is not well made, namely, that the court was without jurisdiction. The court is clothed with original jurisdiction to determine all cases of misdemeanors charging adults with * * * tending to cause by any act * * * the delinquency, * * * of any child, * * *".

It is specially urged that the court did not have jurisdiction because the affidavit nor the record do not disclose that there was any hearing of the minor on the question of his delinquency as provided in §1639-40 GC. So much of the Section as is quoted in the brief of counsel for the defendant provides,

"If it appear at the hearing of a child that any person has, * * * contributed toward * * * delinquency * * * or acted in a way tending to cause delinquency in such child * * * the judge may order a complaint filed against such person and proceed to hear and dispose of the case as provided in this chapter."

It is our judgment that all that this section does, is, when at a hearing upon a charge that a child is delinquent, neglected or dependent, it appears that a person has contributed to bring about the commission of any of these offenses or in a manner tending to cause them, to vest authority in the Juvenile Judge to then order complaint filed against such person and proceed upon such complaint. It it nowise an exclusive provision and it does not contemplate that no charge of contributing or tending to contribute to the delinquency of a minor may be filed unless and until after hearing of a charge against the child. The affidavit setting forth the operative facts is sufficient to invoke the jurisdiction of the Juvenile Court to issue warrant for and cause the adult to be arrested upon any offense which he may commit under the Juvenile Court act.

We affirm the judgment in this case upon the record as it comes to us but we do not thereby mean to put the stamp of approval upon the manner in which the offense in this case was charged. Evidently the affidavit was made up upon a form which is intended to be employed in charging one of many offenses. Instead of striking out the portions thereof which were not germane to the specific offense sought to be charged in this case, it was taken in its entirety with every word left therein. So that this defendant ostensibly was charged with aiding, abetting, inducing, causing, encouraging and contributing toward the delinquency-dependency and acting in a manner tending to cause the delinquency of Eugene Rose. Obviously, to aid, abet, induce, cause, encourage, or to contribute toward the delinquency, the neglect or the dependency of a minor, to act in a manner tending to cause the delinquency or the neglect or the dependency of a minor may comprehend several separate and distinct offenses. There is distinction between the actual

commission of an act and the aiding, abetting and inducing the commission of such an act. Delinquency and dependency are separate of- fenses. Those who prepare these affidavits should be specific in their charges.

There was no motion in this case to elect upon which offense the State would go to trial but the infirmity in the affidavit was sought to be reached by a motion to quash and demurrer.

The affidavit at first glance appears to charge not only one offense but several offenses.

Appellant cites **Van Valkenberg v State, 11 Ohio 405.** The proof in the cited case did not sustain any charge in the indictment. In the instant case the proof clearly sustains at least one charge in the affidavit. In **Barnhouse v The State, 31 Oh St 39,** the indictment for incest charged the criminal act of being committed through a specified period of years. This was held to be bad for duplicity because charging several distinct offenses. At page 40 of the opinion it is said,

"But, if one offense is well charged in the indictment, and another offense in the same count is ineffectually charged, either for want of certainty as to time or otherwise, the averments as to the latter may be rejected as surplusage. But if both offenses are effectually charged, the count, as already stated, will be bad."

As we view this affidavit, notwithstanding its prolixity, it only properly charges one offense, namely, "acting in a manner tending to cause the delinquency of the minor".

Under the cases of **Fisher v State, 84 Oh St 360** and **Edmonds v State, 30 Oh Ap 195,** defendants were not charged with and could not have been found guilty of aiding, abetting, inducing, causing, encouraging or contributing to the delinquency or dependency of a minor because there was nothing in the affidavit to indicate that the child was delinquent or dependent and the action of the defendant set forth would not necessarily make the minor dependent or delinquent. Under the second syllabus of the Fisher case the motion to quash was properly overruled because it does not appear that the defect or imperfection complained of was such as to tend to the prejudice of the substantial rights of the defendant upon the merits of the case.

We have likewise supported the sufficiency of the charge in the instant case upon State v Hannawalt, supra, because the affidavit charges that the defendant "did have indecent and immoral relations with the said Eugene Rose".

Sec. 1639-2 defines the acts which constitute a delinquent child and among others includes any child under 18 years of age who deports itself as to endanger the morals of itself * * *. Thus, if such a child is guilty of conduct which is found to be immoral he would be delinquent. It follows that if one acts indecently toward and has immoral relations with such minor he is acting in a manner tending to cause the delinquency of such child. It is within the power and scope of the legislature to define offenses. Having said that one guilty of acting so as to endanger his morals is delinquent it has stamped such conduct as an offense. This takes away the force of the claim that a mere charge of indecent and immoral relations is too general. It is specific enough because the statute so characterizes it and the offense does not have to constitute a violation of the law of the State other than so named in the statute.

Judgment affirmed.

BARNES, J., concurs.
GEIGER, J., concurs in judgment.