The State of Ohio, Appellee, *v.* Krauss, Appellant.

(No. 145—Decided November 27, 1945.)

*Mr. Oscar O. Raberding,* prosecuting attorney, for appellee.

*Mr. Otis T. Lippincott* and *Mr. Thomas W. Danaher,* for appellant.

Middleton, P. J. This is an appeal on questions of law from a judgment of the Juvenile Court of Auglaize county.

Defendant was tried and found guilty as charged in the following affidavit:

"The state of Ohio, Auglaize county. Juvenile Court.

"Before me, Harry F. Wittenbrink, Judge and ex-officio clerk of the Juvenile Court in and for said county, personally appeared Edna Ralston residing at St. Marys, Ohio, who, being first duly sworn according to law, says that on or about the 14th day of February, 1945, and on many other occasions in the county of Auglaize aforesaid, one Mildred Krauss, alias Mildred Howell Krauss, alias Mildred Howell residing at St. Marys, Ohio, did aid, abet, cause, encourage and contribute toward or act in a way tending to cause the dependency and the neglect of the following children, to wit:

"Arliss Ralston, a daughter, age eight years, and Sheldon Ralston, a son four months, in that she induced one Robert Ralston, husband of this affiant and father of Arliss Ralston and Sheldon Ralston, to openly and notoriously go out with her, the said Mildren Krauss, and did induce the said Robert Ralston to live with her in a clandestine manner for a long period of time and on one occasion went out with the said Robert Ralston in the presence of Arliss Ralston; that the said Mildred Krauss induced the said Robert Ralston to live with her for a long period of time so that he was unable to give said children the proper parental care and influence, thereby endangering the health of both said children and the morals of the oldest child, Arliss, and that all of her acts toward said children created conditions which tend to cause said children to become neglected and dependent upon others for proper support and all of her acts toward said children are contrary to the statute in such case made and provided and against the peace and dignity of the state of Ohio.

"Edna Ralston.

"Sworn to before me and signed in my presence, this 12th day of March, 1945.

"Harry F. Wittenbrink, Judge and ex-officio clerk of the Juvenile Court."

The first assignment of error attacks the sufficiency of the affidavit which was attempted to be drawn under Section 1639-45, General Code.

Defendant interposed the following motion at the commencement of the trial, which motion was overruled:

"First. That no testimony be accepted or permitted to go to the jury in this case.

"Second. That the court take the case from the

jury for the reason that there is no valid, legitimate lawful charge against the defendant."

Section 1639-45, General Code, provides as follows:

"Whoever abuses a child or aids, abets, induces, causes, encourages or contributes toward the dependency, neglect or delinquency, as herein defined, of a child or a ward of the court, or acts in a way tending to cause delinquency in such child, or who aids, abets, induces, causes or encourages a child or a ward of the court, committed to the custody of any person, department, public or private institution, to leave the custody of such person, department, public or private institution, without legal consent, shall be fined not less than five dollars, nor more than one thousand dollars or imprisoned not less than ten days nor more than one year, or both. Each day of such contribution to such dependency, neglect or delinquency, shall be deemed a separate offense."

It will be noted that the affidavit does not charge that the defendant contributed to the delinquency of the minor, nor does it charge that the defendant acted in a way tending to cause the delinquency of the minor. Any charge set out in the affidavit must be predicated on Section 1639-45, Section 1639-3 or Section 1639-4, General Code.

Section 1639-3 reads:

"For the purpose of this chapter the words 'neglected child' includes any child:

"1. Who is abandoned by its parents, guardian or custodian.

"2. Who lacks proper parental care by reason of the faults or habits of its parents, guardian or custodian.

"3. Whose parents, guardian or custodian neglect or refuse to provide it with proper or necessary sub-

sistence, education, medical or surgical care, or other care necessary for its health, morals or well being.

"4. Whose parents, guardian or custodian neglects or refuses to provide the special care made necessary by its mental condition.

"5. Who is found in a disreputable place, or visits or patronizes a place prohibited by law; or who associates with vagrant, vicious, criminal, notorious or immoral persons.

"6. Who engages in an occupation prohibited by law, or is in a situation dangerous to life or limb or injurious to the health or morals of itself or others."

The affidavit charges that the defendant induced Robert Ralston to live with her for a long period of time "so that he was unable to give said children the proper parental care and influence, thereby endangering the health of both said children and the morals of the oldest child, Arliss." There is no charge made in the affidavit that the two minor children were denied or did not receive proper parental care, as defined in Section 1639-3.

Section 1639-4 defines a dependent child as follows:

"1. Who is homeless or destitute or without proper care or support, through no fault of its parents, guardian or custodian.

"2. Who lacks proper care or support by reason of the mental or physical condition of its parents, guardian or custodian.

"3. Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming its guardianship."

The affidavit fails to set forth that the minors named, or either of them, were dependent, as defined in the above section.

The statement in the affidavit that the defendant did "act in a way tending to cause the dependency

and the neglect of the following children'' charges no offense under the laws of the state of Ohio.

Section 1639-45 provides for punishment of one who ''acts in a way tending to cause delinquency in such child.''

''The record of the conviction of the minor child upon a charge of delinquency was properly admitted in evidence as tending to show that she was a delinquent child, without proof of which the charge must fail no matter how culpable his acts may be, for if she had not become a delinquent then in the very nature of things he could not have contributed to her delinquency. It is the initial fact to be proven, and the fact to which the evidence offered in the case ought to be first directed, and upon failure of proof of this fact the defendant would have been entitled to his discharge.'' *Fisher* v. *State,* 84 Ohio St., 360, 369, 95 N. E., 908. See, also, *Anss* v. *State,* 16 Ohio App., 502.

''Affidavit charging defendant contributed to delinquency of a minor *held* fatally defective, even after judgment of conviction, where it did not specify some facts showing minor was delinquent child, within meaning of Section 1644, General Code. * * *

''Affidavit charging one with contributing to delinquency of a minor states no charge, under Section 1654, General Code, unless it charges some one or more acts of delinquency specified in Section 1644 [now Section 1639-2], since words 'as herein defined,' as used in Section 1654 [now Section 1639-45], insofar as they relate to delinquency, refer to definition of delinquent child contained in Section 1644.'' *Edmonds* v. *State,* 30 Ohio App., 195, 164 N. E., 649.

The above cases involved charges of delinquency. However, the reasoning of the court in those cases applies with equal force to charges involving dependency and neglect of a minor.

458

"Statute defining offense cannot be extended by construction to person or things not within its terms, though apparently within its spirit. * * *

"No conviction can rest on affidavit which charges no offense against laws of the state." *Peefer* v. *State,* 42 Ohio App., 276, 182 N. E., 117.

The affidavit in the instant case is insufficient in that it wholly fails to set out any charge against the defendant. The judgment of the court below is reversed as being contrary to law, and this court, coming now to render the judgment the court below should have rendered, dismisses the affidavit and discharges the defendant.

Even if the affidavit were sufficient in law, a careful reading of the record fails to show any facts adduced by the state which would support a charge against the defendant. There is nothing in the record to prove that any of the acts charged to have been committed by the defendant resulted in the neglect or dependency of the children. The evidence does not sustain the judgment.

*Judgment reversed.*

JACKSON and GUERNSEY, JJ., concur.