The State of Ohio, Appellee, *v.* Zaras, Appellant.

(No. 484—Decided April 30, 1947.)

*Mr. Joe M. Moorhead,* for appellee.

*Mr. George A. Hurley* and *Mr. Howard A. Traul,* for appellant.

Middleton, J.   This case comes into this court on appeal from a judgment of the Juvenile Court of Hancock county, Ohio, entered against the defendant, appellant herein, on his plea of guilty to the charge set forth in the following affidavit, to wit:

"The state of Ohio, Hancock county, ss: Juvenile Court.

"Before me, Paul R. Capell, judge of the Juvenile Court in and for said county, personally came Howard Pepple who, being duly sworn according to law, deposes and says, that on or about the 7th day of

April 1946, at the county of Hancock aforesaid, one J. P. Zaras then and there unlawfully did contribute toward the delinquency of one Paul Pepple then and there a minor under the age of 18 years, to wit, of the age of 17 years, in this to wit:

"That J. P. Zaras, the owner and operator of the Coney Island Lunch, Findlay, Ohio, and in which place of business, beer is sold, did furnish, aid or participate in the sale of beer to said minor, who being under the age of 18 years, and in divers other ways and times he the said J. P. Zaras did wilfully and unlawfully contribute toward the delinquency of the said minor Paul Pepple he the said J. P. Zaras well knowing the said Paul Pepple to be such minor; contrary to the General Code in such case made and provided, and against the peace and dignity of the state of Ohio."

Upon arraignment on that affidavit the defendant entered a plea of guilty and was fined the sum of $300 and costs.

The defendant assigns two grounds of error.

First. That no charge against the defendant, within the jurisdiction of the Juvenile Court, is set forth in the affidavit.

Second. That the defendant in distress of mind, without adequate legal defense, and under representations of the court yielded contrary to his rights.

The essential part of the affidavit is that "J. P. Zaras, the owner and operator of the Coney Island Lunch, Findlay, Ohio, and in which place of business, beer is sold, did furnish, aid or participate in the sale of beer to said minor, who being under the age of 18 years."

If the foregoing does not charge an offense under the laws of Ohio, within the jurisdiction of the Juvenile Court, the defendant must be discharged.

The affidavit was drawn pursuant to Section 1639-45, General Code, which reads as follows:

"Sec. 1639-45. Whoever abuses a child or aids, abets, induces, causes, encourages or contributes toward the dependency, neglect or delinquency, as herein defined, of a child or a ward of the court, or acts in a way tending to cause delinquency in such child, or who aids, abets, induces, causes or encourages a child or a ward of the court, committed to the custody of any person, department, public or private institution, to leave the custody of such person, department, public or private institution, without legal consent, shall be fined not less than five dollars, nor more than one thousand dollars or imprisoned not less than ten days nor more than one year, or both. Each day of such contribution to such dependency, neglect or delinquency, shall be deemed a separate offense."

As the affidavit charges the defendant "did contribute toward" the ʻdelinquency of a minor Paul Pepple we must turn to the code for a definition of a delinquent minor. That definition is found in Section 1639-2, General Code, as follows:

"Sec. 1639-2. For the purpose of this chapter, the words 'delinquent child' includes any child:

1. Who violates any law of this state, the United States, or any ordinance or regulation of a subdivision of the state.

2. Who does not subject itself to the reasonable control of its parents, teachers, guardian or custodian, by reason of being wayward or habitually disobedient.

3. Who is a habitual truant from home or school.

4. Who so deports itself as to injure or endanger the morals or health of itself or others.

5. Who attempts to enter the marriage relation in this or any other state without the consent of its

parents, custodian, legal guardian or other legal authority, as required by the laws of this state.''

· It is not a prerequisite that the minor be found to be delinquent in a separate action before a charge of contributing toward the delinquency of such minor can be maintained, but the affidavit setting forth the charge, that the defendant contributed toward the delinquency of the minor, must set forth facts showing the minor to be a delinquent minor within the purview of Section 1639-2, General Code.

''1.  There can be no valid conviction on an affidavit which charges no offense against laws of state.

''2.  Affidavit charging defendant contributed to delinquency of a minor held fatally defective, even after judgment of conviction, where it did not specify some facts showing minor was delinquent child, within meaning of Section 1644, General Code.

''3.  It is not sufficient to charge offense of contributing to delinquency of minor in language of Section 1654, General Code.

''4.  Affidavit charging one with contributing to delinquency of a minor states no charge, under Section 1654, General Code, unless it charges some one or more acts of delinquency specified in Section 1644, since words 'as herein defined,' as used in Section 1654, insofar as they relate to delinquency, refer to definition of delinquent child contained in Section 1644.''  *Edmonds* v. *State,* 30 Ohio App., 195, 164 N. E., 649.

''1.  Statute defining offense cannot be extended by construction to person or things not within its terms, though apparently within its spirit.

''2.  Allegations that minor was under eighteen, a delinquent within meaning of statute, and that accused contributed to such delinquency, are essential to state-

ment of offense (Sections 1644 and 1654, General Code).

"3. No conviction can rest on affidavit which· charges no offense against laws of the state." *Peefer* v. *State,* 42 Ohio App., 276, 182 N. E., 117.

The prosecuting attorney, in his brief, maintained that the affidavit contains facts sufficient to show the minor to be a delinquent under Section 1639-2, subdivision 1, to wit: one "who violates any law of this state, the United States, or any ordinance or regulation of a subdivision of the state."

The affidavit charges that the defendant "did furnish, aid or participate in the sale of beer to said minor, who being under the age of 18 years."

The sale of beer to a minor under 18 years of age is an offense under the laws of Ohio, as set forth in Section 12960, General Code, to wit:

"Sec. 12960. Whoever sells intoxicating liquor to a minor under the age of twenty-one years or sells beer to a minor under the age of eighteen, or buys intoxicating liquor for, or furnishes it to a minor, unless given by a physician in the regular line of his practice, or by a parent or legal guardian shall be fined not less than twenty-five dollars nor more than three hundred dollars, or imprisoned not more than six months in jail, or both."

The affidavit, therefore, sets forth facts showing a violation of law by defendant, to wit, sale of beer to a minor under 18 years of age.

The offense, however, is in the sale of beer and not in the purchase thereof.

"It is within the power of the state to prohibit absolutely the purchase of intoxicating liquors within its borders. Whether the act of making a purchase is an offense depends upon the terms of any existing prohibition law. The general rule is that the purchase

of liquor from one who violates the law in making the sale is not a criminal offense in the absence of legislative declaration to that effect. Indeed, it has been declared that a statute should not be held to denounce a purchase where it is not explicit on the point, or is aimed at persons acting generally as agents, or at the seller and his employees."

"Nor is the purchaser, by reason of the fact of his purchase alone, chargeable with the offense of aiding and abetting or conspiring in the commission of the offense of illegal selling. In support of this rule, it is said that since a sale contemplates the purchase, the Legislature would have made the purchase an offense if it had intended it to be so." 30 American Jurisprudence, 409, Intoxicating Liquors, Section 289.

The same rule is stated in 23 Ohio Jurisprudence, 156, Section 59a.

Under the rule above stated, the minor in this case did not violate any law in making the purchase charged. Thus it will be observed that the affidavit to which the defendant entered a plea of guilty does not set forth any fact showing the minor to whom the beer was sold to be a "delinquent child," as defined in Section 1639-2, General Code.

As heretofore stated, there can be no valid conviction on an affidavit which does not charge an offense against the laws of the state; nor is the situation any different where the defendant pleads guilty to such an affidavit instead of being found guilty by a court and jury. No offense being charged in the affidavit, the plea of guilty did not cure the defect in the affidavit.

The affidavit sets forth facts charging that the defendant violated the law of Ohio, that is, "the sale of beer to a minor under 18 years," but does not set forth facts sufficient to charge him with contributing to the delinquency of a minor.

The affidavit sets forth facts sufficient to charge the defendant with a violation of law upon which he could be placed on trial, if the charge were filed in a court having general criminal jurisdiction.

As the affidavit fails to charge any offense under the laws of Ohio within the jurisdiction of the Juvenile Court, there is error in the judgment of sentence of the Juvenile Court. This court, now rendering the judgment the court below should have rendered, dismisses the affidavit and discharges the defendant.

JACKSON, P. J., and GUERNSEY, J., concur.