**YOUNGSTOWN (CITY), Plaintiff-Appellee, v. PONIKWA, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3226.   Decided 1948.

I. Freeman and H. J. Fugett, Asst. Law Directors, Youngstown, for plaintiff-appellee.

C. H. Dyson, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

A jury in the municipal court of the city of Youngstown, Ohio, found defendant guilty of operating a motor vehicle within the corporate limits of that municipality while under the influence of intoxicating liquors in violation of Section 653-1 of the ordinances thereof.  Defendant appealed from that judgment to the court of common pleas, which court affirmed the judgment of the municipal court.  In turn defendant appeals from the judgment of the court of common

pleas to this court on questions of law, and contends "that the verdict of the jury was given under erroneous" charge requested by defendant and submitted to the jury by the trial judge in writing

As announced in the case of **Schomer v. State, ex rel. Bettman, 47 Oh Ap 84 at 89,** we are aware that:—

"It is very easy to pick out isolated phrases in a charge and subject the same to criticism; but the whole charge must be considered, and, if from the entire charge it appears that a correct statement of the law was given in such a manner that the jury could not have been misled, no prejudicial error has intervened."

In view of that pronouncement, and since the charge of the trial judge is reasonably short, we conclude we can dispose of defendant's seven assignments of error with reference thereto more expeditiously and intelligently by quoting that charge, which reads:—

"Members of the Jury:

"It now becomes my duty as the Judge presiding in this trial to instruct you about the law which is applicable in this case. To begin with, this Defendant was arraigned in open court on the 19th day of Jan. 1948 charged with the offense of operating a motor vehicle in this City, County and State while under the influence of intoxicating liquors. This charge is brought under Section 653-1 of City Ordinances of Youngstown, Ohio, which reads in part as follows:

" 'Whoever operates a motor vehicle of any kind upon any public highway or street while in a state of intoxication or under the influence of alcohol, narcotics or opiates upon conviction thereof shall be punished as follows * * *.'

"You will note that I have purposely refrained from reading the penalty prescribed by this statute, the reason being that in the event this Defendant is found guilty by the proper degree of proof, which will be described to you later on in this Charge, the function of passing sentence is purely that of the Court and is no concern of this Jury.

"To this charge the Defendant entered a plea of not guilty and now appears before this Jury with the issues so drawn.

"By this plea of not guilty the Defendant thereby denies that he is guilty of any crime or offense with which he is charged within and by said affidavit, and by this plea of not guilty denies the truth and existence of each and every material

fact stated, averred and set forth in said affidavit. By this plea of not guilty there is cast and thrown upon the City the burden of proving each and every material fact necessary to make out this charge to your satisfaction beyond the existence of a reasonable doubt. By this plea of not guilty this Defendant stands here clothed with the legal presumption of innocence which remains with him throughout the trial and which can only be overcome by evidence which convinces the Jury beyond the existence of a reasonable doubt of his guilt. A mere preponderance of the evidence is not sufficient to establish his guilt, nor is it sufficient that you believe it more probable that he is guilty than that he is not guilty. So long as a reasonable doubt of the Defendant's guilt remains in the minds of the Jury, the Defendant is entitled to the benefit of such doubt and until such reasonable doubt be removed cannot be convicted in this case.

"This leads us to the question of what is meant by a reasonable doubt. By a reasonable doubt is meant an honest uncertainty existing in the mind of a reasonable man after a full and careful consideration of all of the evidence with a desire to ascertain the truth. It does not mean a mere captious or imaginary doubt but an actual doubt remaining in your minds after a consideration of all of the evidence.

"If after a careful examination and consideration of all of the evidence, your minds are in that condition that you cannot say that you feel a conviction of the guilt of the Defendant and are not satisfied to a moral certainty from the evidence of the truth of the charge, then a reasonable doubt may be said to exist.

"You will look, then, to all of the evidence, and if that satisfies you beyond a reasonable doubt of the Defendant's guilt of the offense charged in the affidavit under the instructions which the Court gives you, then you should find him guilty of that charge, but so long as a reasonable doubt of Defendant's guilt remains, he cannot be convicted of any offense charged or included in the affidavit.

"This leads us further to a consideration of what are the necessary elements for the City to prove by that degree of proof as already explained to you before a conviction can be had. The first element which you as jurors must consider is a matter of jurisdiction, which should not cause you too much trouble. It is necessary that the City prove that the offense charged was committed within the jurisdiction of this Court. In criminal matters this Court has jurisdiction of the entire County of Mahoning.

"The second element for the City to prove by the proper degree of proof is that the Defendant operated and drove his automobile while under the influence of intoxicating liquor. In the consideration of this element it is, of course, essential that the actual driving or operation of the motor vehicle be proven. It is further essential that the City prove that the operation of that automobile was at a time when this Defendant was under the influence of intoxicating liquors. By 'intoxication' or 'under the influence of intoxicating liquor' is meant a condition resulting from the use of alcoholic or fermented beverages known as intoxicating liquor. There are various degrees of intoxication ranging from a state of exhilaration to one of complete stupefaction. The degree of intoxication contemplated by this Section is that mental or physical condition of mind of body or both which is produced by the use of intoxicating liquors and results in a person becoming abnormal and being without the possession of his or her normal faculties to such an extent that such person is unable to operate a motor vehicle with the same degree of care and prudence that such person would be able to exercise under the same circumstances if he or she were sober and normal.

"You members of the Jury in your deliberations of the issues joined in this case are the sole judges of the facts. In this regard the Court has no jurisdiction over you. Therefore, the Court desires to state at this time that you should not use the Charge of this Court or any of the rulings of the Court during the course of the trial as indicating in any way the Court's opinion with respect to the merits of the case. The Court must be and sincerely desires to be impartial in presiding over this trial. So, if during the course of this proceeding it has at any time appeared to you that the Court was indicating in any manner any inference with regard to the facts in this case or that the Court was indicating preference for one side or the other, you must disabuse your minds entirely of such an idea, and you must disregard entirely any such apparent action of the Court and dismiss entirely any such thought from your minds.

"Furthermore, if at any time during the trial the Court has instructed you to disregard any matter or any statement of a witness, you will leave such matters or statements as completely out of your consideration as though such incidents had never occurred, and in no case where an objection to a question has been sustained are you to draw any inference from such a question the answer to which has not been permitted by the Court to be given.

"You are not only the sole judges of the facts but you are also the sole judges as to the weight of the testimony and of the credibility of the witnesses who have appeared upon the witness stand. In the judging of the credibility of a witness you will keep in mind the conduct of the witness upon the stand, his willingness to answer questions for the party by whom he is called and his reluctance, if any, to answer questions on cross examination, or his willingness to answer questions for both sides regardless of the side on which he is called to testify and in whose behalf the question is asked. And keep his conduct upon the witness stand well in mind. Consider the intelligence or lack of intelligence of the witnesses, their manner of testifying, their candor or lack of candor upon the witness stand, their means or lack of means of knowledge concerning the facts to which they have testified, their opportunity or lack of opportunity for observation of such facts, the reasonableness or unreasonableness, the probability or improbability of what they say their interest or lack of interest in the outcome of this prosecution may be and, in general, all the circumstances bearing upon their testimony appearing the case. Take all of these things into consideration, and then give to each witness's testimony such weight and such credence as you in your judgment believe the testimony of the witness is entitled to receive at your hands.

"The Court wishes to instruct you that neither the preliminary statements of the Prosecutor and counsel for Defendant nor the final arguments of the Prosecutor and counsel for Defendant are to be considered by you as evidence.

"You will have in your jury room with you the affidavit in this case. It goes with you for the sole purpose of assisting you in analyzing the facts and testimony in this case. But I charge you that you must not consider any statement made by counsel either in the opening statements or concluding argument or any statement contained in this affidavit as being evidence. The only evidence that you are to consider in this case is the evidence that came to you from the witnesses as they appeared in open court on this witness stand and the exhibits that have been introduced and admitted as evidence during the course of this trial. And as I have stated, there is included in that evidence as part of the exhibits which you will have with you in your jury room.

"You will have appropriate forms of verdict to meet the conclusion that may be reached under the evidence and the law. One form provides for a finding of guilty, and the other form provides for a finding of not guilty. You will select the form

of verdict that expresses the conclusion to which you come, and all of you must sign it. It requires a unanimous agreement to return a verdict in a criminal case. The first thing you will do is select your foreman and then proceed with your deliberations, and when you reach a conclusion, select the form of verdict that expresses that conclusion, and all of you sign it."

The written charge which the trial judge submitted to the jury was enclosed in a cover upon which there was typewritten:—

"Dictated by:
The Hon. Robert B. Nevin,
Judge of the Municipal Court,
Youngstown, Ohio.
                    Jury Charge
Operating A Motor Vehicle While Under The Influence Of Intoxicating Liquor
                City of Youngstown
                        vs
                Stanley Ponikwa
Docket No. 437."

Counsel for defendant contends that the foregoing "carried the impression that the defendant was already found guilty and that this was the instruction of the court that he was guilty", and influenced the jury to his prejudice. We do not believe so.

Counsel for defendant contends that by charging the jury "by this plea of not guilty there is cast and thrown upon the city the burden of proving each and every material fact necessary to making out this charge to your satisfaction beyond the existence of a reasonable doubt" (sic), the trial judge did not conform with the provisions of §13442-3 GC, which reads:—

"A defendant in a criminal action is presumed to be innocent until he is proved guilty of the crime charged, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he shall be acquitted. But the effect of this presumption of innocence is only to place upon the state the burden of proving him guilty beyond reasonable doubt. Reasonable doubt is defined as follows: 'It is not a mere possible doubt, because everything relating to human affairs or depending upon moral

evidence is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge.' In charging a jury the court shall state the meaning of presumption of innocence, and read the foregoing definition of reasonable doubt."

Defense counsel claims that the words "to your satisfaction" changes the meaning of reasonable doubt as set forth in the statute to one of mere satisfaction of reasonable doubt instead of an abiding conviction to a moral certainty of the truth"; and the use of the words "and which can only be overcome by evidence which convinces the jury beyond the existence of reasonable doubt of guilt" conflicts with the language of the quoted section of the General Code, and "changes the degree of proof from reasonable doubt to a moral certainty and takes away from the reasonable doubt the meaning of the statute and thereby nullifies the statutory meaning"; and that by stating that "the defendant is entitled to the benefit of such doubt and unless such reasonable doubt be removed cannot be convicted in this case" he did not truly state the law as the "defendant is not entitled to any benefit and the burden is clearly upon the state to prove beyond the question of reasonable doubt that he is guilty as charged".

In his third and fourth assignments of error counsel for defendant claims that the trial judge erred prejudicially to defendant by failing to read the statutory definition of reasonable doubt as defined in §13442-3 GC, and made mandatory therein, and to charge "the jury on reasonable doubt substantially as required in that section" as held mandatory in the case of **Beck v. State, 129 Oh St, 582,** and "in his attempt to define reasonable doubt"; and claims that the trial judge submitted several definitions of reasonable doubt, none of which comply with §13442-3 GC, to the jury, and that it is impossible to determine which of such definitions the jury followed, and that this "court can not assume that the jury selected the one statement which was substantially correct and rejected the other statements which were erroneous."

Counsel for defendant does not complain too bitterly about the trial judge charging the jury with reference to the jurisdiction of the trial court, but does contend that the words with reference thereto "which should not cause you too much trouble", indicated how the trial judge felt, and accordingly were highly prejudicial; and claims that the repetition of the

words "it is further essential that the city prove that the operation of that automobile was at a time when the defendant was under the influence of intoxicating liquors" assumed that the defendant was intoxicated, which of course was a matter to be proven.

In his sixth assignment of error counsel for defendant contends that "the court below was in error by repeating his charge on the affidavit and the arguments and statements of counsel and thereby elaborated on the same so as to prejudice the defendant".

Finally defendant's counsel contends that the trial judge erred to defendant's prejudice by charging the jury "all of you sign it" (the verdict), when "in fact only the foreman should sign the verdict", which instruction amounted to the trial judge directing a verdict in favor of the City of Youngstown.

While it was unfortunate that the information contained on the cover clothing the charge was not made so clear that there could be no doubt concerning it, yet standing alone we cannot conclude that defendant was prejudiced thereby.

In the case of **Beck v. State of Ohio, 129 Oh St, 582,** the supreme court held that:—

"In charging a jury in a criminal case, failure to read the definition of reasonable doubt as set forth in §13442-3 GC, is not reversible error where the court charges the jury on reasonable doubt substantially in accordance with that section."

We have studied the charge of the trial judge carefully and under the decision in the case of Beck v. State of Ohio, supra, he did not err as charged in failing to read the definition of reasonable doubt as set forth in §13442-3 GC, and in our opinion he committed no error prejudicial to defendant for the reason that he charged the jury on the question of reasonable doubt substantially in accordance with that section.

The words "which should not cause you too much trouble" added nothing to the instructions the trial judge was trying to give to the jury, and were wholly unnecessary, but in our opinion the use thereof did not constitute prejudicial and reversible error.

While it was unfortunate that the trial judge found it necessary to repeat as set forth supra, yet we do not believe that under the situation existing in this case defendant was prejudiced thereby.

**518**

The charge of the court with reference to all of the members of the jury signing the verdict was technically incorrect, but in our opinion was not prejudicial.

Reading this charge in its entirety and construing it so we reach the conclusion that the trial judge committed no error therein in the respects urged prejudicial to the defendant, and accordingly the judgments of the Municipal Court and the Court of Common Pleas must be and hereby are affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.