THE CITY OF COLUMBUS, APPELLEE, *v.* HIGHSMITH, APPELLANT.

(No. 4224—Decided January 22, 1949.)

*Mr. Richard W. Gordon,* city attorney, and *Mr. Walter W. Grelle, Jr.,* for appellee.

*Mr. Carrington T. Marshall* and *Mr. B. F. Levinson,* for appellant.

BY THE COURT. The appeal is on questions of law from a judgment of the Common Pleas Court affirming a judgment of the Municipal Court of Columbus, finding the defendant, appellant herein, guilty of the offense charged against him and sentencing him to pay the costs of the prosecution.

Six errors are assigned, the first of which is that, "The judgment of the Municipal Court is contrary to law," and the fifth that, "The affidavit upon which defendant Highsmith was tried and upon which he was found guilty does not state any offense as defined by the ordinance under which he is charged and upon which he was convicted and fined."

These assignments raise the same question, namely,

the sufficiency of the affidavit to charge an offense punishable by law.

The affidavit, so far as material to our question, charges that the defendant, being a driver of an automobile, "did unlawfully fail to yield the right of way, to wit, to an automobile, 1940 Chevrolet coach, license 834DD (47), being driven by Alfred Ray Reynolds, in violation of Section 1309C contrary to the ordinance of said city in such cases being provided."

Ordinance 1309-c reads: "Right of way when making left turn within intersection. The operator of a vehicle, streetcar or trackless trolley within an intersection intending to turn to the left shall allow the right of way to any vehicle, streetcar or trackless trolley approaching from the opposite direction."

No motion to quash, plea in abatement or demurrer to the affidavit was filed in the trial court. Defendant, going to trial on the general issue, waived any defect in the form of the affidavit. Section 13439-11, General Code. Notwithstanding the failure of defendant to test the sufficiency of the affidavit by demurrer, if it does not state an offense the question may be raised upon review. *Geiger v. State.* 5 C. C., 283, 3 C. D., 141. We are, therefore, required to determine whether the affidavit charged an offense.

Defendant cites *City of Columbus v. Rader, ante,* 143, 78 N. E. (2d), 424, a case decided by this court. The judgment there rested upon a determination that the conviction was against the manifest weight of the evidence. We were careful to state that no infirmity of the affidavit was urged upon the appeal and that we were not making any adjudication as to its sufficiency either in form or substance. In the cited case, unlike this case, the affidavit made no reference to any specific ordinance but in general terms charged that the defendant acted contrary to the ordi-

nances of the city of Columbus in such cases made and provided. We said:

"The applicable ordinances relate to right of way at intersections but there is nothing whatever in the affidavit which charges that the defendant failed to yield the right of way at an intersection. This certainly is proper, if not a requisite, subject matter to be incorporated in the affidavit."

Here, there is the charge that the defendant failed to yield the right of way in violation of a specific ordinance, namely, Section 1309-c. It is our opinion that the affidavit states an offense under the liberal provisions of Sections 13437-4 and 13437-11, General Code.

The other assignments are based upon the claim that the evidence did not support the finding and judgment of the trial court.

Evidence on behalf of the prosecution disclosed that Reynolds had his Chevrolet parked in a parking lot, just west of Wall alley, facing West Broad street; that the entrance and exit at the lot was from and to Broad street; that the exit was from 50 to 55 feet to the west of Wall alley; and that the Chevrolet moved out into West Broad and was straightened up so that it was moving due east and as it came to Wall alley projected into Broad, the defendant's automobile collided with the Chevrolet, striking it on the rear left side of the body. Reynolds says that there was no line of traffic ahead of him and that he saw no automobile parked along the south side of Broad street.

The defendant testified that he was moving eastwardly on Broad street and when he had reached a place opposite Wall alley, he stopped his automobile and waited for some three or four minutes, gave the proper signal and started to drive his automobile across Broad and into Wall; that as he did so, Rey-

nolds emerged from behind or from the side of a truck which had just cleared Wall alley moving east on Broad; that there was an automobile parked on the south side of Broad street next to the curb and east of Wall alley; that the Reynolds automobile as it came forward and struck defendant's automobile was headed in a northeastwardly direction; and that the left front bumper and fender of the automobile which defendant was driving were damaged.

Defendant urges that in the situation with which he was confronted an ordinance of the city of Columbus, 1309-d, required Reynolds to yield the right of way to defendant's automobile. It provides:

"The vehicle joining the flow of traffic on the road or highway from a standing position, an alley, a building, a private property, shall yield the right of way to all other vehicles."

We agree that if the record required the conclusion that the Reynolds car had not gotten into the line of eastbound traffic as defendant's automobile approached, the ordinance would have application, but clearly upon the testimony adduced in behalf of the prosecution, the Reynolds automobile had the right of way and if the collision occurred as testified by Reynolds and supported in particulars by Officer Baird, the finding of guilt was supported. Upon the diverse versions of Reynolds and defendant of the occurrences, the trial judge was required to discern which one was truthful. The situation presented has been considered and the law pronounced as early as *Breese* v. *State*, 12 Ohio St., 146, 80 Am. Dec., 340, in the fourth paragraph of the syllabus:

"A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so, and the reviewing court will always hesitate to do

so where the doubts of its propriety arise out of a conflict in oral testimony."

The judgment of the Common Pleas Court affirming the judgment of the Municipal Court will be affirmed.

*Judgment affirmed.*

Wiseman, P. J., Miller and Hornbeck, JJ., concur.