THE STATE OF OHIO, APPELLEE, *v.* GRIFFIN, APPELLANT.

300

(No. 127—Decided April 15, 1952.)

*Mr. Richard P. Faulkner,* prosecuting attorney, for appellee.
*Mr. Harvey Cros,* for appellant.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Juvenile Court of Champaign County: Defendant was charged with encouraging and contributing to the neglect or dependency of James Robert Dunlap, a minor two years of age. The jury returned a verdict of guilty, on which the court entered judgment and pronounced sentence.

Defendant assigns eleven separate grounds of error. First, the defendant contends that the affidavit does not charge an offense. The essential parts of the affidavit are as follows:

"On or about the 1st day of July 1951, and since that time in July, August and September, 1951, in the county of Champaign aforesaid, one Harold Griffin, residing at Springfield, Ohio, did encourage and contribute toward the neglect or dependency of the following child, to wit:

"James Robert Dunlap, age two years, in that he, the said Harold Griffin, encouraged and contributed to the lack of proper parental care due to the faults and habits of the mother of said child, namely, Martha Dunlap, and the neglect by the said mother of the care necessary for its health, morals and well-being; and encouraged and contributed toward conditions and environment such as to warrant the state, in the interests of said child in assuming its guardianship;

"Contrary to the statute in such case made and provided and against the peace and dignity of the state of Ohio."

The affidavit charged an offense under the provisions of Section 1639-45, General Code, which provides that whoever encourages or contributes toward the dependency or neglect of a child shall be fined, etc.

Section 13437-34, General Code, as amended, effective August 23, 1945, in part provides: "The provisions of law as to form and sufficiency, amendments, objections and exceptions to indictments and as to

the service thereof shall apply to such affidavits and warrants issued thereon."

Section 13437-4, General Code, provides:

"In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statements may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. *It may be in the words of the enactment describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.*" (Emphasis ours.)

In our opinion, these statutory provisions are applicable to this proceeding. It was sufficient to charge the offense in the language of the statute.

Section 1639-3, General Code, defines "neglected child" to be any child, "2. *Who lacks proper parental care by reason of the faults or habits of its parents,* guardian or custodian." (Emphasis ours.)

The affidavit charged that the defendant encouraged and contributed "to the lack of proper parental care due to the faults and habits of the mother of said child." Section 1639-4, General Code, defines "dependent child" to be any child, "3. Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming its guardianship." The affidavit charged that the defendant encouraged and contributed "toward conditions and environment such as to warrant the state, in the interest of said child in assuming its guardianship." In our opinion the affidavit was sufficient to give the accused notice of the offense of which he was charged.

In support of his contention that the affidavit failed to charge an offense by omitting to allege facts which constituted neglect or dependency and the failure to

allege that the child was a neglected or dependent child, the defendant cites the following cases: *Edmonds* v. *State,* 30 Ohio App., 195, 164 N. E., 649; *Peefer* v. *State,* 42 Ohio App., 276, 182 N. E., 117; *State* v. *Krauss,* 81 Ohio App., 453, 80 N. E. (2d), 164; and *State* v. *Zaras,* 81 Ohio App., 152, 78 N. E. (2d), 74.

The first three cases cited were decided prior to the amendment of Section 13437-34, General Code, which became effective August 23, 1945. The *Peefer* and *Krauss cases* are distinguishable from the instant case on other grounds. In the case of *State* v. *Zaras,* the affidavit did not charge an offense in the words of the statute, or allege facts which constituted an offense under the statute. In the instant case the affidavit sufficiently charged an offense in the words of the statute, which is permissible under Section 13437-34, General Code. *State* v. *Yudick,* 155 Ohio St., 269, 98 N. E. (2d), 415; *City of Columbus* v. *Highsmith,* 85 Ohio App., 149, 84 N. E. (2d), 303. If seasonably requested, the prosecuting attorney could have been required to furnish a bill of particulars. Section 13437-6, General Code.

It was not essential to expressly allege in the affidavit that the child was a "neglected" or "dependent" child. *Fisher* v. *State,* 84 Ohio St., 360, 95 N. E., 908; *State* v. *Van Horn,* 32 Ohio Law Abs., 406.

It is contended that there is no proof that the child was a neglected or dependent child and that, therefore, the defendant could not be guilty of encouraging or contributing toward the neglect or dependency of such child. The prosecuting attorney presented as evidence, over the objection of the defendant, the record of a separate proceeding in the same court in which the child was adjudged to be a neglected and dependent child. The claim is made that with the exception of the court record in the other proceeding which involved

the same acts of misconduct, there is no proof to support the verdict and judgment. After the close of the state's case, the defendant moved for a directed verdict, which motion was overruled, and then rested. Thus, the case went to the jury on the evidence presented by the state. The principal witness for the state was the mother of the child, who testified that she and the defendant, who was not her husband, over a period of several months immediately prior to the institution of this proceeding, had engaged in illicit sexual relations which occurred in the presence of the child.

It was incumbent upon the state to prove the child to be a neglected or dependent child, and we are of the opinion there was sufficient competent evidence to prove the child to be neglected or dependent within the meaning of the statute. The case at bar is distinguishable from *State* v. *Hannawalt,* 26 Ohio Law Abs., 641, where the complaint not only charged "contributing to the delinquency" but, also, "acting in a manner tending to contribute to the delinquency."

It is not a prerequisite that the child be adjudicated as a neglected, dependent or delinquent child in a separate proceeding before a charge of contributing toward such neglect, dependency or delinquency of such child can be maintained. *State* v. *Zaras, supra,* 155; *Anss* v. *State,* 16 Ohio App., 502, 504; *State* v. *Van Horn,* 32 Ohio Law Abs., 406, 408; *Clements* v. *State,* 3 Ohio Law Abs., 541. However, in this case it is contended that the admission of the court record in the separate proceeding constituted reversible error. In our opinion, the introduction of the court record in the separate proceeding was not erroneous. *Fisher* v. *State, supra,* 369; *Anss* v. *State, supra,* 504; *Clements* v. *State, supra.* However, if the admission of the record was erroneous we cannot say it was prejudicially erroneous. In the absence of the record, there was

sufficient undisputed competent evidence to support the verdict. There was no conflict in the evidence to be resolved by the jury. The defendant presented no evidence. The admission of incompetent evidence does not constitute reversible error unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby. Section 13449-5, General Code; *State* v. *Hickman,* 77 Ohio App., 479, 67 N. E. (2d), 815; *State* v. *Fouts,* 79 Ohio App., 255, 72 N. E. (2d), 286.

We find no prejudicial error in the admission of evidence; neither do we find that the court committed prejudicial error in its charge to the jury.

Failure to read the definition of "reasonable doubt" as set forth in Section 13442-3, General Code, does not constitute reversible error where the court's charge on reasonable doubt is substantially in accordance with the definition set forth in that section. Although the court's charge on reasonable doubt was not in the language of the statute, we are of the opinion that there was substantial compliance. *Beck* v. *State,* 129 Ohio St., 582, 196 N. E., 423; *Youngstown* v. *Ponikwa,* 54 Ohio Law Abs., 510. The failure to give in the charge the statutory definition of "neglected child" or "dependent child" was an error of omission and not commission, and does not constitute reversible error. If the charge as given is correct and not misleading, the failure to charge on some aspect of the case is not reversible error unless the court's attention was seasonably called to the omission and specific instructions requested and refused. *Rhoades* v. *City of Cleveland,* 157 Ohio St., 107, 105 N. E. (2d), 2; *State* v. *Tudor,* 154 Ohio St., 249, 95 N. E. (2d), 385; *Bachman* v. *Ambos,* 83 Ohio App., 141, 79 N. E. (2d), 177; *Kleinhans* v. *American Gauge Co.,* 83 Ohio App., 453, 80 N. E. (2d), 626; 39 Ohio Jurisprudence, 1006 *et seq.,* Section 297.

In the instant case, the complaint sets forth in the

words of the statute the acts of which the defendant was charged. This complaint was read to the jury, and was followed by an instruction that before the jury could find the defendant guilty, the state must prove beyond a reasonable doubt the allegations in the complaint to be true. The charge as given was correct and not misleading to the jury.

In our opinion, prejudicial error was not committed in sending a copy of the court's charge to the jury room. Section 13442-8, General Code, expressly provides that "written charges and instructions shall be taken by the jury in their retirement and returned with their verdict * * *."

We find no error committed in refusing to direct a verdict for the defendant, or in overruling defendant's motion to dismiss; neither do we find the verdict to be against the manifest weight of the evidence or contrary to law.

In the trial of almost all cases of some consequence errors are committed, but a reviewing court is required to disregard any errors unless the accused is mislead or prejudiced thereby, or unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby, or was prevented from having a fair trial. Section 13449-5, General Code.

After an examination of the entire record and a careful consideration of the errors assigned, we find no assignment of error well made. We are of the opinion that the defendant has had a fair trial and that justice has been done.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.