Bell, J.,
dissenting. I concur in paragraph one of the syllabus but dissent from paragraphs two and three thereof and from the judgment.
The majority opinion herein cites a paragraph of the opinion of this court in Fisher v. State, 84 Ohio St., 360, 95 N. E., 908, in an apparent attempt to bolster its position that in a prosecution such as this the state must establish beyond a reasonable doubt some delinquency which the defendant either “aided, abetted, induced, caused, encouraged” or to which he “contributed.”
Following the citation of such paragraph, the majority opinion states: “It was not sufficient to establish such delinquency of Rose to rely merely upon a judicial determination of her status as such * * *.” This would appear to dispose of the gratuitous statement of the writer of the opinion in the Fisher case that there must be a judicial determination of delinquency before there can be a conviction for aiding, abetting, inducing, *44 causing, encouraging, or contributing to delinquency, and aligns tbe thinking of this court now with that of several Courts of Appeals which have considered the language of the above-mentioned paragraph, quoted in the majority opinion, to be dictum. Anss v. State, 16 Ohio App., 502; State v. Clark, 92 Ohio App., 382, 110 N. E. (2d), 433; State v. Griffin, 93 Ohio App., 299, 106 N. E. (2d), 668; Clements v. State, 3 Ohio Law Abs., 541; State v. Van Horn, 32 Ohio Law Abs., 406.
The ruling of the majority herein that there was not proof beyond a reasonable doubt of some delinquency is an obvious recognition that a 15-year-old girl does not commit an act of delinquency by entering a bar at 1:30 a. m. for the avowed purpose of getting a drink, if she can. It is at this point that I part company with the conclusions of the majority. To hold that such a child is not “so deporting herself as to injure or endanger her morals or health” so long as she is acting “under and in accordance with instructions of duly constituted law enforcement officers” appears to me to contradict the intent of the statute. It is true that the affidavit does not use those words of the statute which make it an offense to “act in a way tending to cause delinquency.” But it does use the words, “aid. abet, induce, cause, encourage, or contribute to.” Certainly the Legislature must have intended the word, “cause,” to have the same meaning in both sections of the statute. And it is difficult for me to ascribe to the words, “induce” and “cause,” anything but their ordinary meaning — “to bring on or bring about.”
The spirit and intent of the Legislature was, in my opinion, correctly interpreted by Judge Savord in his opinion in the Clark case, supra, when he said:
“It is the vicious effect which such acts may probably produce that is sought to be avoided. The prohibition seeks to prevent a probable delinquency rather than to await the undesirable result and then seek its cure. Surely the Legislature never intended that the offender should be punished only in the event that the potential effects of such acts had been fully accomplished.”
And the following language of Judge Hughes in the Clements case, supra, is also appropriate:
*45 “In other words, the fact as to whether or not the minor was afterwards adjudged a delinquent was an immaterial fact in this case because if the defendant was found guilty of selling the intoxicating liquor which she had to be found guilty of before she could be convicted under the affidavit herein, she was also necessarily guilty of contributing to the delinquency of the minor child because the child thereby became an unlawful purchaser of intoxicating liquor which in itself made him a delinquent child.” (Emphasis added.)
The law-enforcement officers here may have gone beyond the limits of propriety and in so doing may have subjected themselves to discipline or prosecution. But, as stated by Judge Skeei, in his dissenting opinion:
“If action is taken against offending officers under such circumstances, it should be done directly and as provided by law and not attempt to collaterally punish them without charge or trial by giving immunity to one at least equally as guilty, if not guilty of more heinous conduct, at the expense of law enforcement. There is no such rule of immunity for law violations in this state.”
It is conceded that the child involved herein did not “buy a. drink,” if buying a drink means paying for it. But, as the majority opinion points out, defendant was not charged with selling liquor to a minor. He was charged with causing or inducing delinquency by serving her, or permitting her to be served, a drink. To permit him to escape responsibility for thus helping her along the path toward delinquency merely by accepting payment for the drink from someone else will not only open the door to an almost uncontrolled evasion of the laws intended to protect the juvenile but will make certain of the laws regulating the sale of intoxicants practically unenforceable.
Weygandt, C. J., and Matthias, J, concur in the foregoing dissenting opinion.