## SPANG BAKING CO v CARR

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13567.   Decided May 28, 1934

Klein & Diehm, Cleveland, for plaintiff in error.

Wilt & Yoder, Cleveland, for defendant in error.

MIDDLETON and MAUCK, JJ, (4th Dist), and WILLIAMS, J, (6th Dist), sitting.

## OPINION

By MAUCK, J.

I

Tabbert was an employee of the Baking Company and the two were sued jointly. At the opening of the case a motion was interposed requiring plaintiff to elect as between the two defendants. This motion was overruled and it is the overruling that constitutes one of the assignments of error. The record does not show that at the time this motion was made by the Baking Company Tabbert was admittedly acting in the course of his employment in the operation of the machine against the plaintiff. It does show that after that fact became apparent, the trial court sustained a motion to compel the plaintiff to elect. There was consequently no error in overruling the first motion.

II

The plaintiff at the time of the trial was seven years old. His testimony and that of a little girl of the same age was accepted by the trial court and this is a further assignment of error.

It is, of course, well settled that the trial judge is peculiarly able to pass upon the competency of a child witness and that his action is rarely interfered with by a reviewing court. **Barnett v State, 104 Oh St 296.** It is urged, however, that in the case at bar, the examination made of these children on their voir dire did not run far enough to develop their appreciation of the obligation that they as witnesses are required to assume. We do not share this view, but without reviewing the authorities at length, are content to refer to Jones' Commentaries on Evidence, §2108.

III

The further complaint is that the trial court refused to give, before argument, the defendant's special instruction number two. It is enough to say of this improper instruction that it confined the right of recovery to the principles of common law negligence and ignored the possibility of recovery for a violation of any of the statutes upon which the plaintiff relied.

IV

The record shows on page 224 that the defendant requested the court in its general charge to instruct the jury that the presence of this child on the street did not impose upon the plaintiff's employee the duty of getting off the truck and walking to the rear to ascertain whether a child was in the rear of the truck, unless an ordinarily prudent person under similar circumstances would have so done. This instruction the court refused, evidently because it was believed that §6310-22 GC required the driver to somehow make sure of the safety of the pedestrian. This refusal was error. No duty is imposed by statute upon the driver of the truck who is about to back the same to alight from the vehicle and ascertain whether the way is clear. If in a given case such failure to alight from a truck is negligence, it is such because the jury finds that an ordinarily prudent person under similar circumstances would have alighted and looked. This error requires reversal.

V

The error pointed out in the preceding paragraph is, we believe, coupled with the error which the court took with reference to §6310-22 GC. The court had recited the terms of §6310-21 GC which provides that before backing a car the driver should give ample warning and while backing shall exercise vigilance not to injure those behind. He then referred to the succeeding section which provides that drivers before turning, stopping or changing their course, shall make sure such movement can be made in safety and shall make signals evidencing their contemplated movement. The court charged that the violation of this as well as other sections would constitute negligence per se. There was thus apparently imposed upon the defendant not only the duty of complying with the section relating to backing his vehicle, but the other duty of making sure such movement could be made in safety, which is the statutory rule the section relating to changing the course of the vehicle. In the operation of backing §6310-21 GC imposed the only statutory liability and the succeeding section had no application to the case at bar. The submission of the provisions of this section to the jury was erroneous and we assume that the court's error in this respect was what led to the further error in refusing the instruction referred to in the preceding paragraph.

VI

We do not find that the verdict is against the weight of the evidence. For the reasons indicated in paragraphs four and five the judgment of the court is reversed and the case remanded for further proceedings according to law.

MIDDLETON and WILLIAMS, JJ, concur in judgment.