## STATE ex FARRELL v HORNAVIUS

Ohio Appeals, 3rd Dist, Crawford Co.

No. 1408.   Decided May 25, 1940.

Leo J. Scanlon, Crestline. for plaintiff-appellee.

Edward J. Myers, Bucyrus, for defendant-appellant.

### OPINION

By GUERNSEY, J.

This is an appeal on questions of law from a judgment of conviction and sentence of the Probate Court of Crawford County, Ohio, exercising the jurisdiction of a Juvenile Court.

Complaint was filed in that court on October 6, 1939, by one John C. Farrell, charging that on or about August 15, 1939, in Crawford County, one Helen Hornavius, residing at Bucyrus, "did contribute toward the delinquency of the following child, to-wit: George Bargar, thirteen years old, in that she. being a female person of more than the age of twenty-one years, to-wit: of the

age of thirty years, did indulge in sexual intercourse with the said George Barger."

Trial was had on the complaint, in the Probate Court before the judge without the intervention of a jury, and upon the trial the defendant was found guilty and sentenced to imprisonment. It is from this judgment and sentence this appeal is taken.

Such of the facts in evidence as are necessary to a consideration of the assignments of error will be discussed under the several assignments.

The assignments of error are as follows:

First. The evidence as disclosed by the bill of exceptions filed herein is wholly insufficient to establish the guilt of the defendant beyond a reasonable doubt.

Second. The evidence adduced does not warrant a finding of guilty.

Third. The finding of guilty is contrary to the proof and the State of Ohio has failed to establish a case against the defendant.

Fourth. The court erred in the admission of evidence over the objections of said defendant.

1, 2, 3. The first three assignments of error will be considered together as they relate to the same general subject matter and are argued together in the appellant's brief.

 Before considering the specific contentions of the appellant under these assignments of error we will consider the general rules of law applicable to the offense charged.

The complaint upon which the defendant was convicted and sentenced is based on the provisions of §§1639-45 and 1639-2, contained in **Chapter 6, Juvenile Court, of Title IV, Judicial, GC.** The parts of said sections applicable to the complaint, are as follows:

"**Sec. 1639-45.** Whoever * * * contributes toward the * * * delinquency, as herein defined, of a child * * * shall be fined not less than five dollars nor more than one thousand or imprisoned not less than ten days nor more than one year, or both. Each day of such

contribution to such * * * delinquency, shall be deemed to be a separate offense."

"**Sec. 1639-2.** For the purpose of this chapter the words 'delinquent child' includes any child: 1. * * * 2. * * *. 3. * * *. 4. who so deports itself as to injure or endanger the morals or health of itself or others."

"In order that an adult may be convicted of contributing to a child's delinquency it is not necessary to establish by a separate proceeding that the child was adjudged a delinquent. It is sufficient to establish by evidence, like any other necessary fact in a criminal case, that the child was guilty of acts of delinquency to which the accused contributed." **Anss v State, 16 Oh Ap 502.**

The gravaman of the offense charged, is that the child so deported itself as to injure or endanger the morals or health of itself or others, and that the accused contributed to such deportment on the part of the child.

In her brief in support of these assignments of error the appellant contends that the judgment of conviction and sentence should be reversed for the following reasons:

1. That she is charged with indulging in sexual intercourse with a thirteen year old boy and the record does not affirmatively disclose that the boy possessed physical ability to have engaged in sexual intercourse.

2. That there is no evidence of either penetration or sexual intercourse, the only evidence bearing on the subject being that of George Barger, the child who testified that he had had "intercourse" with the defendant, and that of another witness who testified that George Barger had had "connection" with her, and neither of whom designed the act as "sexual".

We will consider these contentions in the order mentioned.

(1) In support of her first contention the defendant relies upon the de-

462

cisions in the cases of **Williams v State, 14 Oh St 222,** and **Hiltabibble v State, 35 Oh St 52,** which hold that the law presumes that an infant under the age of fourteen years is incapable of committing or attempting to commit the crime of rape; but this presumption may be rebutted by proof that such person has arrived at the age of puberty.

While the earlier of these decisions was criticized in the latter and both have been criticized in later decisions, they have not been overruled and stand as the law of Ohio upon the subject of rape where the accused is under the age of fourteen years. The presumption mentioned is wholly of judicial origin.

Formerly in England the crime of rape was punishable with death, and until 1815 the crime was punishable in this state with death. The presumption mentioned originated with the English courts and was adopted by the American courts during this period of capital punishment and undoubtedly owes its origin and adoption to the rigor of the punishment. The presumption is of the incapacity of an infant under the age of fourteen years to emit semen and not of the incapacity of such infant to penetrate. The presumption has been applied solely to the crime of rape and has not been extended to any other crimes involving sexual intercourse, and the reasoning upon which it is based is inapplicable to crimes of the character involved in the case at bar.

The statutes upon which the complaint in the instant case is based are for the protection of the morals of children, and the detrimental effect of sexual intercourse on the morals or health of the child, which is the gravaman of the offense charged, of penetration without emission is the same as it would be with emission.

For the reasons mentioned, this contention is without merit.

(2) The second contention is that there is no proof of penetration or sexual intercourse.

In Webster's New International Dictionary, Second Edition, one of the definitions of intercourse is "Sexual connection; coiton; as illicit intercourse."

George Barger, the child thirteen years of age with whom the defendant is charged with having sexual intercourse, testified that he had had intercourse with her, and also testified to other facts and circumstances showing that the intercourse referred to by him was sexual intercourse and that he used the term "intercourse" with the meaning prescribed in the foregoing definition. Another witness testified that George Barger had had connection with the defendant in his presence, and to other facts and circumstances showing that the connection was sexual connection, that is, sexual intercourse. This evidence is sufficient to prove penetration and sexual intercourse as charged in the complaint. **Teynor v State, 47 Oh Ap 149.**

For the reasons mentioned, the second contention of appellant is without merit.

And upon examination of the entire record we find that the judgment of conviction and sentence are sustained by evidence tending to prove beyond a reasonable doubt every essential of the offense charged.

4. Under the fourth assignment of error as to the admission of evidence, the appellant cites two pages of the bill of exceptions. We have examined the pages referred to and do not find any error in the admission of the evidence designated.

As we find no error in any of the particulars assigned and argued in the briefs, the judgment of the Probate Court will be affirmed at costs of appellant.

CROW, PJ. & KLINGER, J., concur.