**STATE, Plaintiff-Appellee, v. MAHONEY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Carroll County.

No. 313.  Decided May 10, 1948.

Glenn Fortune, Pros .Atty., Carrollton, for plaintiff-appellee.
Thomas H. Nichols, Canton, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Defendant appealed to this court on questions of law from a judgment of the Juvenile Court of Carroll County entered upon a jury verdict of guilty of the charge set forth in the following duly executed affidavit, which was drawn pursuant to §1639-45 GC, hereinafter set forth herein:—

"The State of Ohio, Carroll County, Juvenile Court Before me, LaMoine Handley, Judge and Ex-officio Clerk of the Juvenile Court in and for said County, personally appeared Vaughn James residing at Magnolia, Ohio, who being first duly sworn according to law, says that on or about the 15th day of January, 1948, in the County of Carroll aforesaid, one

J. Elmer Mahoney residing at Magnolia, Ohio, R. F. D. did contribute toward the delinquency of the following child, to wit: Darlene Elliott, age sixteen years, in that the said J. Elmer Mahoney, being a married man, did keep said child away from her place of residence until late hours at night, and did improperly associate with said Darlene Elliott, contrary to the statute in such case made and provided and against the peace and dignity of The State of Ohio."

Sec. 1639-2 GC, defines a delinquent child as any child:—

"1. Who violates any law of this state, the United States, or any ordinance or regulation of a subdivision of the state.

2. Who does not subject itself to the reasonable control of its parents, teachers, guardian or custodian, by reason of being wayward or habitually disobedient.

3. Who is an habitual truant from home or school.

4. Who so deports itself as to injure or endanger the morals or health of itself or others.

5. Who attempts to enter the marriage relation in this or any other state without the consent of its parents, custodian, legal guardian or other legal authority, as required by the laws of this state." (For an analogous section see former §1644 GC.)

Sec. 1639-45 GC, provides:—

"Whoever abuses a child or aids, abets, induces, causes, encourages or contributes toward the dependency, neglect or delinquency, as herein defined, of a child or a ward of the court, or acts in a way tending to cause delinquency in such child, or who aids, abets, induces, causes or encourages a child or a ward of the court, committed to the custody of any person, department, public or private institution, to leave the custody of such person, department, public or private institution, without legal consent, shall be fined not less than five dollars, nor more than one thousand dollars or imprisoned not less than ten days nor more than one year, or both. Each day of such contribution to such dependency, neglect or delinquency, shall be deemed a separate offense." (For an analogous section, see former §1654 GC.)

"The defendant contends that the affidavit does not set forth facts showing the minor to be a delinquent minor, within the purview of §1639-2 GC, and therefore does not state a charge against him", and that the trial judge erred in overruling his motions for a verdict directed in his favor made at the close of the state's case and at the conclusion of all the

evidence, and that the judgment of the Juvenile Court is against the manifest weight of the evidence.

The prosecuting attorney maintained that the affidavit contains facts sufficient to show the minor to be a delinquent child under §1639-2, subdivision 4, GC, to-wit: one "who so deports itself as to injure or endanger the morals or health of itself or others."

"Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him." **Hamden Lodge No. 517, Independent Order of Odd Fellows, et al, v. The Ohio Fuel Gas Co, 127 Oh St 469.**

Defendant waived his right to rely on the denial of his motion for a verdict directed in his favor made at the conclusion of the State's evidence and overruled by the court when he elected not to stand on his exception to the ruling and proceeded with his defense and introduced evidence on his own behalf.

"When a motion of a defendant for a directed verdict is made at the conclusion of plaintiff's evidence and overruled, the defendant has an election either to stand on his exception to the ruling or to proceed with his defense; and if he accepts the ruling, however erroneous it may be, and proceeds with his defense, introducing evidence on his own behalf, he thereby waives his right to rely on the denial of his original motion." **Halkias, Appellee, v. Wilkoff Co., Appellant, 141 Oh St 139.**

As was said in the case of **State v. Zaras, 81 Oh Ap 152,** we believe:—

"It is not a prerequisite that the minor be found to be delinquent in a separate action before a charge of contributing toward the delinquency of such minor can be maintained, but the affidavit setting forth the charge, that the defendant contributed toward the delinquency of the minor, must set forth facts showing the minor to be a delinquent minor within the purview of §1639-2 GC.

" '1. There can be no valid conviction on an affidavit which charges no offense against laws of state.

" '2. Affidavit charging defendant contributed to delinquency of a minor held fatally defective, even after judgment of conviction, where it did not specify some facts showing minor was delinquent child, within meaning of §1644 GC.

" '3. It is not sufficient to charge offense of contributing to delinquency of minor in language of §1654 GC.

" '4. Affidavit charging one with contributing to delinquency of a minor states no charge, under §1654 GC, unless it charges some one or more acts of delinquency specified in §1644 GC, since words "as herein defined," as used in §1654 GC, insofar as they relate to delinquency, refer to definition of delinquent child contained in §1644 GC.' **Edmonds v. State, 30 Oh Ap, 195, 164 N. E., 649.**

" '1. Statute defining offense cannot be extended by construction to person or things not within its terms, though apparently within its spirit.

" '2. Allegations that minor was under eighteen, a delinquent within meaning of statute, and that accused contributed to such delinquency, are essential to statement of offense (§§1644 and 1654 GC).

" '3. No conviction can rest on affidavit which charges no offense against laws of the State.' **Peefer v. State, 42 Oh Ap, 276, 182 N. E., 117.**"

The affidavit charged that defendant "did contribute toward" the delinquency of the minor named therein, and we believe that by "improperly" associating with defendant, a married man, "until late hours at night" Darlene Elliott so deported herself "as to injure or endanger" her "morals or health" and by such acts she became a delinquent child as defined in subdivision 4 of §1639-2 GC, quoted supra.

Darlene Elliott, whom the evidence disclosed had been found to be a delinquent child in a previous action in the juvenile court, testified that defendant had illicit relations with her on two occasions in counties other than that of her residence, which, while denied by defendant, yet presented a question for the determination of the jury thus precluding the trial judge from arresting the case from its consideration, as counsel for defendant claims he should have done at the conclusion of all the evidence.

We have read the bill of exceptions submitted to us in this case, and we can not conclude that the verdict of the jury and judgment of the trial judge are against the manifest weight of the evidence.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.