The State of Ohio, Appellee, *v.* Patty, Appellant.

(No. 2384—Decided November 28, 1956.)

*Mr. Mathias H. Heck,* prosecuting attorney, and *Mr. J. Bernard Carter,* for appellee.

*Mr. Jack H. Patricoff,* for appellant.

Wiseman, J. This is an appeal on questions of law from a judgment of conviction and sentence of the defendant by the Common Pleas Court of Montgomery County, Division of Domestic Relations, on the charge that he "did act in a manner tending to cause the delinquency of * * * a minor the age of 8 years, in this; to wit: In that he did engage in immoral and indecent conduct with said minor, to wit: And that he did en-

gage in an act of fellatio with said minor.'' The cause was tried to the court without a jury.

The appellant assigns eight separate errors. Appellant contends the affidavit is defective and void in that it does not allege that the minor was delinquent or set forth facts showing the minor to be delinquent, citing *State* v. *Mahoney*, 54 Ohio Law Abs., 218, 87 N. E. (2d), 496; *State* v. *Zaras*, 81 Ohio App., 152, 78 N. E. (2d), 74; *State, ex rel. Farrell,* v. *Hornavius*, 31 Ohio Law Abs., 460; and *Edmonds* v. *State*, 30 Ohio App., 195, 164 N. E., 649. In each of the cited cases the court held that the affidavit must set forth facts showing the minor to be a delinquent, but it must be observed that in each case the defendant was charged with contributing to the delinquency of a minor. In the instant case the defendant is charged with acting ''in a manner tending to cause the delinquency'' of a minor. Under this charge, the affidavit need not allege facts showing the minor to be a delinquent. In *State* v. *Hannawalt,* 26 Ohio Law Abs., 641, decided by this court, the second paragraph of the headnotes is as follows:

''It is not necessary that a minor be found to be a delinquent in order to convict a defendant of acting in a manner tending to contribute to the delinquency of the minor.''

On page 642, Judge Hornbeck, writing the opinion for the court, said:

''The final question is whether or not the affidavit is defective in that it does not charge the particular manner in which the act of the defendant tended to contribute to the delinquency of the minor. It charges that the defendant did have indecent and immoral relations with the said Madeline Barnett. Immoral conduct is an act of delinquency by the statute.''

Under the rule laid down in the *Hannawalt case,* the affidavit properly charges an offense under Section 2151.41, Revised Code, which makes it an offense to ''act in a way tending to cause delinquency in such child.'' The affidavit charged ''immoral and indecent conduct.'' The evidence sustained the charge. The fact that the specific act of immoral and indecent conduct as shown by the evidence was an act of sodomy and not fellatio was not a fatal variance, as the affidavit was sufficient without the charge of fellatio.

A similar question was before this court in *State* v. *Van Horn*, 32 Ohio Law Abs., 406. On page 409 Judge Hornbeck said:

"Section 1639-2 defines the acts which constitute a delinquent child and among others includes any child under 18 years of age who deports itself as to endanger the morals of itself * * *. Thus, if such a child is guilty of conduct which is found to be immoral he would be delinquent. It follows that if one acts indecently toward and has immoral relations with such minor he is acting in a manner tending to cause the delinquency of such child. It is within the power and scope of the Legislature to define offenses. Having said that one guilty of acting so as to endanger his morals is delinquent it has stamped such conduct as an offense. This takes away the force of the claim that a mere charge of indecent and immoral relations is too general. It is specific enough because the statute so characterizes it and the offense does not have to constitute a violation of the law of the state other than so named in the statute."

It is contended that the court erred in qualifying and permitting the minor to testify. The trial court exercises a broad discretion in such matters. A reviewing court will not disturb a trial court's ruling thereon where there is no abuse of discretion. *Hill, a Minor,* v. *Skinner,* 81 Ohio App., 375, 79 N. E. (2d), 787; *Spang Baking Co.* v. *Carr,* 17 Ohio Law Abs., 623; *Crouch* v. *Fishbein,* 29 C. C. (N. S.), 573, 35 C. D., 607. Section 2317.01, Revised Code.

We have carefully examined the entire record. It does not appear that the judgment is against the manifest weight of the evidence or contrary to law. It is sufficient that the evidence show beyond a reasonable doubt that the defendant engaged in an immoral act with the minor. The defendant's motion for new trial was properly overruled.

There being no error in the record prejudicial to the rights of appellant, the judgment is affirmed.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.