STATE, Plaintiff-Appellee, v. DECAMILLO, Defendant-Appellant.

Common Pleas Court, Ashtabula County.

No. 7966.   Decided June 28, 1961.

*Mr. James C. Warren*, city prosecutor, for plaintiff-appellee.
*Mr. Philip J. Cantagallo*, for defendant-appellant, Ashtabula Municipal Court.

LAMBROS, J.   This cause came on for hearing on the appeal of the defendant-appellant, Armand DeCamillo, from a conviction of a misdemeanor from the Municipal Court of Ashtabula, Ohio.   At the time of the hearing on appeal, the State of Ohio,

through the City Prosecutor, moved the Court for an order striking the bill of exceptions and that said bill of exceptions not be considered in this appeal by reason that said bill of exceptions was not timely filed in accordance with statutes providing therefor.

Although the failure to file bill of exceptions is not jurisdictional, it may be fatal to the cause if the only way to discover error would be to consult the bill of exceptions. An appellate court would be powerless to find error without the timely filing of a bill of exceptions. Thus, this question raised by the City Prosecutor claiming that the bill of exceptions was not timely filed is a serious question which must be given careful consideration.

Chapter 1901, Revised Code, titled "Municipal Courts," sets forth the provisions pertaining to jurisdiction and procedure in Municipal Courts in both criminal and civil cases. Section 1901.30, Revised Code, provides that appeals from Municipal Courts may be taken either to the Court of Common Pleas or to the Court of Appeals; *however, no provision is contained in this chapter for the filing of bills of exceptions in the Municipal Court.*

Section 1901.21, Revised Code, provides in part as follows:

"In a criminal case or proceeding, the practice, procedure and mode of bringing and conducting prosecutions for offenses, and the power of the Court in relation thereto, are the same as those which are conferred upon a police court in municipal corporations. If no practice or procedure is provided for police courts, then the practice or procedure for mayors' courts shall apply. If no practice or procedure is provided for police courts or mayors' courts, then the practice or procedure of County courts shall apply."

The City Prosecutor maintains that the bill of exceptions in the instant case must be filed within ten days as provided in the practice or procedure of County courts, as no provision is made for such filing by the Municipal Court Act; and the City Prosecutor urges that Section 1901.21, Revised Code, is the basis of his argument.

For further analysis it is important that we review Chapter 2953, Revised Code, which provides for the procedures for appeal. Section 2953.02, Revised Code, provides for appeal of a

criminal case from a Municipal Court to the Court of Common Pleas; *however, in this chapter no provision is made therein for the time or manner of filing the bill of exceptions.*

The modern Municipal Court Act declares that appeals from Municipal Courts may be taken either to the Common Pleas Court or to the Court of Appeals in accordance with Sections 2953.02 to 2953.14, inclusive, Revised Code, which are the general criminal appeal statutes. There is no reference in the Act to Section 2945.65, Revised Code, as to fixing the time for filing of a bill of exceptions, but presumably, such statute will be followed in criminal appeals from a Municipal Court. 3 Ohio Jurisprudence 2d, Section 493.

Section 2945.65, Revised Code, provides, in substance, that the time for filing a bill of exceptions in the trial court is thirty days from judgment or sentence, or not more than thirty days from the overruling of the motion for new trial if such day is subsequent to the day of entering judgment and sentence.

The primary issue for determination of this motion for striking of the bill of exceptions is whether Section 1901.21, Revised Code, should govern, requiring compliance with the procedure of police courts, mayors' courts or county courts which require filing of the bill of exceptions within ten days from judgment or overruling of motion for new trial, in the absence of and practice or procedure set forth in the Municipal Court Act, or whether Section 2945.65, Revised Code, should govern, which provides for filing of the bill of exceptions in thirty days from judgment or overruling of motion for new trial.

The time for filing of bills of exceptions in criminal cases in a Municipal Court is generally thought to be controlled by Section 2945.65, Revised Code, which is thirty days from the overruling of the motion for new trial. This opinion is also expressed by the Honorable Lee E. Skeel, Judge, Court of Appeals, Eighth Appellate District, in his treatise, "Skeel's Appellate Law," and also in 3 Ohio Jurisprudence 2d, 493.

Therefore, it is the considered opinion of this Court that appellant must file his bill of exceptions in a criminal case in a Municipal Court in accordance with Section 2945.65, Revised Code, which provides for thirty days from judgment or the

overruling of the motion for new trial. Thus, the bill of exceptions in this case was timely filed.

Therefore, motion of appellee, State of Ohio, for an order that the bill of exceptions be stricken for failure of the appellant to file same as required by law is overruled.

STATE, Plaintiff-Appellee, v. DECAMILLO,
Defendant-Appellant.

LAMBROS, J. This is a criminal appeal from the Municipal Court of Ashtabula, Ohio, on questions of law from a judgment of guilty of the offense of indecent exposure.

The affidavit which is the basis of the conviction is predicated upon Section 2905.30, Revised Code, which provides as follows:

"No person, 18 years of age or over, shall willfully make an indecent exposure of his person in a public place or in a place where there are other persons to be offended or annoyed thereby, or utter obscene or licentious language in the presence or hearing of a female.

"Whosoever violates this section shall be fined not more than Two Hundred Dollars or imprisoned not more than six months, or both."

The pertinent portion of the affidavit provides as follows:

"* * * one Armand DeCamillo, being then and there a male person 18 years of age or older, to-wit: 23 years of age, did unlawfully and willfully make an indecent exposure of his person, to-wit: exposure of his private parts, in a private place where there were others to offend, to-wit: a 1959 Chevrolet bearing Ohio license no. AH-3969, greatly to the annoyance and offense of the said Ethel Hill, a car hop employed by Kenny King's Nita Pat Drive-In Restaurant * * *"

The defendant-appellant sets forth in his Assignments of Error that the Municipal Court erred in failing to discharge the defendant-appellant for the reason that the affidavit failed to state an offense, and that the Municipal Court erred in overruling the motion of defendant-appellant for dismissal of the affidavit at the close of the plaintiff's case in chief and in over-

ruling the motion for dismissal of the affidavit at the close of all the evidence.

The defendant-appellant urges that one of the elements of the offense is that the offender must be eighteen years of age or over and that the appellee, State of Ohio, failed to introduce any evidence whatever regarding the age of the appellant.

A review of the record reveals that the State of Ohio did not introduce any evidence whatever regarding the age of the appellant; however, a further review of the record reveals that during the defendant-appellant's case in chief the City Prosecutor, on cross-examination, questioned the appellant as follows:

"Q How old are you?

"A Twenty-three."

It is the opinion of this Court that one of the material elements of the crime is that the accused be eighteen years of age or over and that the prosecution has the burden of proving this element. This Court is of the opinion that the prosecution had not proved this important element during his case in chief and, thus, upon the conclusion of the prosecution's case there was not sufficient evidence to sustain a conviction, and if the record remained in such status, a conviction could not be sustained. However, this important element in the case was proven on cross-examination of the defendant during defendant's case in chief when the defendant testified that he was twenty-three years of age.

The defendant-appellant maintains that the trial court erred in not sustaining his motion for dismissal at the close of the prosecution's case in chief and, by reason of the fact that he renewed this motion at the close of all the evidence, he had not waived his right to claim error. However, a review of cases on this subject reveals the holding that when a defendant introduces evidence on his own behalf, the defendant waives his right to rely on the original motion for discharge, and that the renewal of such motion at the close of all the evidence must be considered in light of the evidence and the state of the record as it existed at the conclusion of all the evidence.

In the case of *State* v. *Dixon*, 51 Ohio Law Abs., 8, 80 N. E. 2d, 196, the Court held as follows:

"By proceeding with her defense and introducing evidence on her own behalf, defendant waived her right to rely on her original motion for discharge however erroneous the overruling of her motion by the Justice of the Peace might have been; and the renewal of such motion at the close of all the evidence, challenged, not the sufficiency of the evidence that was alone before the trial court at the time the original motion was made, but the evidence and the state of the record as it existed at the conclusion of all the evidence, which, in our opinion, did not present a question for the Justice of the Peace sitting as a jury would have sat had the case been tried to such a body."

Syllabus 1 in the *State* v. *Dixon case*, provides as follows:

"The renewal of defendant's motion for discharge in a criminal case at the close of all the evidence, challenges not the sufficiency of the evidence that was alone before the trial court at the time the original motion was made, but the evidence and the state of the record as it existed at the conclusion of all the evidence."

In Volume 16, Ohio Jurisprudence 2d, Criminal Law, Section 634, it is provided a follows:

"If, at the close of the State's case, the evidence, admitting it all to be true, does not tend to prove the essential elements of the crime, it is the duty of the Court to take the case from the jury and direct them to bring in a verdict of not guilty, and a failure by the Court to do so may be error."

However, said section also contains the following: "Motions by the defendant at the close of the State's evidence and at the close of all the evidence, asking for a directed verdict, raise the question whether there is any evidence of the crime charged to submit to the jury. The renewal of defendant's motion for discharge at the close of all the evidence challenges, not the sufficiency of the evidence that was before the trial court at the time the original motion was made, but the evidence and the state of the record as it exists at the conclusion of all the evidence."

Although this Court feels that the trial court erred in not sustaining the motion of the defendant at the close of the State's case, the accused waived his right to rely on his original motion for discharge by proceeding with his defense and introducing evidence on his own behalf.

In *Schumacher* v. *Iron Fireman Company*, 102 Ohio App., 341, syllabus 4 says:

"Error in the overruling of defendant's motion for directed verdict, made at the close of plaintiff's case, is waived by defendant's acceptance of the ruling and proceeding with his defense.

In the case of *State* v. *Mahoney*, 54 Ohio Law Abs., 218, syllabus 2 states:

"When a motion of a defendant for a directed verdict is made at the conclusion of plaintiff's evidence and overruled, the defendant has an election either to stand on his exception to the ruling or to proceed with his defense; and by accepting the ruling, however erroneous it may be, and proceeding with his defense introducing evidence in his own behalf, he thereby waives his right to rely on the denial of his original motion."

In the case of *Halkias* v. *Wilkoff Company*, 141 Ohio St., 139, syllabus 3 states:

"The renewal of defendant's motion to direct a verdict at the close of all the evidence challenges not the sufficiency of the evidence that was alone before the Court and the jury at the time the original motion was made, but the evidence and the state of the record as it exists at the conclusion of all the evidence."

In Volume 39, Ohio Jurisprudence, Trial, Section 216, pages 872 and 873, it is stated as follows:

"If the motion of the defendant, made at the conclusion of the plaintiff's evidence, for a nonsuit or for a directed verdict in his favor is overruled, the defendant has an election, *either to stand on the exception to the ruling on his motion or to proceed with his defense.* If he accepts the ruling, *however erroneous it may be,* and proceeds with his defense, introducing evidence in his own behalf, he thereby waives his right to rely upon that motion. In such case the defendant's motion for a directed verdict must be renewed at the close of all the evidence, and unless so renewed, error cannot be predicated upon the refusal of the court to direct a verdict and its submission of the case to the jury. Moreover, when the motion is renewed at the close of all the evidence, it challenges not the sufficiency of the evidence that was before the court and jury at the time

438

the first motion was made, but the evidence that is before the court at this time, taken in connection with the facts which appear from the other party's evidence throughout the case—in other words, the sufficiency of all the evidence to sustain the action. *Were this not the rule, the court might be put in the position of nonsuiting a plaintiff for failure to produce necessary evidence upon a material issue, which the defendant himself supplied in his evidence.* (Emphasis supplied.)

Numerous citations are contained in the annotations to Section 216, to which the Court refers counsel's attention.

In light of the foregoing this Court, on review, must conclude that the defendant-appellant cannot avail himself of any error committed by the trial court in overruling appellant's motion for directed verdict upon conclusion of the prosecution's case in chief. The right to claim such error was waived by defendant's election to proceed with his defense and introducing evidence on his own behalf.

The defendant-appellant also claims that the affidavit was defective in that the affidavit alleges that the indecent exposure occurred in a *private place,* and that the statutory provision forbids an indecent exposure in a *public place.*

A review of the statute by this Court reveals that indecent exposure is prohibited in two places, one being a *public place,* and the second being a *place where there are others to be offended or annoyed.* It appears to this reviewing court that the affidavit alleges a *private place where there are others to be offended, to-wit: a 1959 Chevrolet.* This Court is of the opinion that the allegation of place is in compliance with the statute as it alleges a place where there are others to be offended. This Court finds no defect in the affidavit as the affidavit alleges that the offense took place at a place where there are others to be offended.

In analyzing the statute, it is apparent that this offense can be committed in two places, namely, a public place regardless of the presence of persons to be offended, and secondly, any where else where a person or persons can be offended, which would ncessarily include in an automobile so long as the offense is committed at a time and in the presence of a person who could be offended.

Therefore, this Court cannot give consideration to this claimed error of the appellant as the affidavit contains the pertinent elements provided in the statute.

A further review of the record reveals that at the trial of this cause two witnesses testified on matters pertaining to the commission of the offense, namely, Ethel Hill, who testified for the prosecution as to the commission of the offense in her presence, and the defendant, Armand DeCamillo, whose testimony denied the offense. The only other witness was Wally Knapp, the Deputy Sheriff who investigated the occurrence, but whose knowledge was limited only to events occurring after the alleged offense. The testimony of the complaining witness and the defendant is in direct contradiction as to the occurrence of the crime and, therefore, there was before the trial court a conflict of testimony. Truly, a criminal conviction can only be sustained when the prosecution proves its case beyond a reasonable doubt.

Now, therefore, this reviewing court comes to decide the question of whether the judgment of conviction of the trial court is sustained by the manifest weight of the evidence.

In reviewing this aspect of the case as to whether the judgment is manifestly against the weight of the evidence, this Court must consider the rule of law that every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts; if the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustain the verdict and judgment.

One of the basic reasons underlying the principles relating to review on the weight of the evidence is the greater advantage possessed by the jury, and in the instant case the trial court, in judging the accuracy, candor and credibility of witnesses and the weight to be given their testimony, from the fact that they see the witness testifying and hear what he says at first hand with full opportunity to observe their appearance, demeanor, the inflections of voices, accompanying gestures, and etc., while the reviewing court has before it only the written record of what was said.

What are the tests of reversibility? Reversal cannot be had on the ground that the judgment is against the manifest weight of the evidence except as a matter of law. It follows that a judgment will not be reversed on this ground merely because the evidence sustaining it is open to suspicion or does not impress the reviewing court; nor because the reviewing court entertains some doubt as to whether such judgment is in fact supported by the weight of the evidence, is not in full accord with the verdict or finding of fact on which it was rendered, is not satisfied that such verdict is right, or thinks that another jury might arrive at a different conclusion, or that a contrary verdict might well have been rendered, or that the trial judge might well have set the verdict aside; nor because it has views of its own contrary to those expressed by the jury or the court below or differs in its opinion as to the facts or as to the inferences to be drawn from the facts proved, or would have rendered a different verdict or decided differently if it had heard the case in the first instance.

As stated in 3 Ohio Jurisprudence 2d, Appellate Review, page 812 et seq.:

"In order to reverse, the reviewing court must be fully and clearly satisfied from an examination of all the evidence and of the whole record that the judgment is in fact unsupported by, or against the manifest weight of, the evidence, and the court will not be thus satisfied unless there projects from the record some fact or circumstances indicating that the jury (or the court) lost its way and went in the wrong direction in reaching its verdict, resulting in error and injustice shocking to the senses and to the conscience of the court, and clearly showing that the jury (or the court) misapprehended the facts or were influenced by sympathy, bias, prejudice, willful disregard of duty, perversity, corruption or other improper motives."

In other words, the evidence must be such which shows that the conclusions of the trial court are unreasonable, improbable and illogical to such a degree that it is possible to say that the testimony affords no reasonable foundation for the verdict or findings. It has been stated that a reviewing court can reverse a judgment upon an assignment of error involving the weight of the evidence only when the verdict is so manifestly contrary

to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice, and that such a court is not authorized to reverse on such ground unless it is justified in inserting in its journal entry that substantial justice has not been done to the complaining party.

It is stated in 3 Ohio Jurisprudence 2d, page 817:

"A reviewing court will not disturb the judgment of a trial court on the ground of insufficiency of the evidence unless it clearly appears that the conclusion cannot be supported by any rational view of the evidence."

It is the opinion of this Court that a judgment cannot be reversed as against the weight of the evidence if it is supported by any competent credible evidence which considers all the essential elements of the case. It is apparent from the record that the prosecuting witness testified that she saw the defendant indecently expose his private parts in her presence, and such testimony brought forth that this act was committed at a place within the contemplation of this statute; and the record further shows, through the testimony of the defendant, that he was a person 18 years of age or older. The testimony of these witnesses clearly indicates that the essential elements of this crime were in evidence.

A reviewing court may not interfere with the findings of the trial judge respecting the credibility of the witnesses or the weight of the testimony. The determination of the facts is for the trier of the facts, and where the evidence is such that the trier could well believe either side, a reviewing court cannot hold the verdict and judgment arrived at against the manifest weight of the evidence.

Where there is a conflict in the testimony, the duty of determining wherein lies the greater probability of truth is in the first instance—upon the trier of the facts who has an opportunity of seeing the witnesses and observing their demeanor on the witness stand. It has been stated that the matter of judging the credibility of the witnesses is solely the province of the trial court and not that of the reviewing court, and this reviewing court cannot set aside a judgment or a finding of a trial court if the evidence is susceptible of two views as it cannot sub-

stitute its judgment for that of the trial court unless it is apparent from the record that the judgment of the trial court is manifestly against the weight of the evidence.

Now, if the evidence brought forth at the trial through the two witnesses who testified *failed* to prove an essential element of the crime, then this court would have to reverse the judgment as being against the manifest weight of the evidence; however, it is apparent that the testimony of the witnesses covers all the essential elements of the crime, and if a reversal was ordered, it would be based on the credibility of witnesses, the conflict of testimony and the fact that there are two views before the trier of facts. A reversal on these grounds would be improper.

This reviewing court does not find any errors apparent on the record which substantially prejudiced the rights of the defendant-appellant; and therefore, the judgment of the trial court is hereby affirmed.

It is therefore ordered that the judgment of the trial court be and it is hereby affirmed.