THE STATE OF OHIO, APPELLEE, *v.* WAYMIRE, APPELLANT.

178

(No. 748—Decided August 27, 1957.)

*Mr. Edward A. Goubeaux, Jr.,* for appellee.
*Mr. Max Harley,* for appellant.

*Per Curiam.* This cause is submitted on motion of appellee to dismiss the appeal: First, for failure to comply with Rule VII of this court, "in that no notice of motion for new trial, nor notice of appeal was served on opposing counsel in the court below"; second, for failure to file "transcript of proceedings in the court below, nor serve notice of the filing of the same upon opposing counsel in the court below." The transcript of the docket and journal entries does not show that a motion for new trial was filed in the lower court. This is an appeal on questions of law, and Rule VII of this court has no application to proceedings in the court below.

This being an appeal from the judgment of the Juvenile Court, notice of appeal was served on the prosecuting attorney as required by Section 2151.52, Revised Code.

In the second part of the motion the appellee refers to the failure to file a transcript. Obviously, appellee refers to the transcript of the testimony, or bill of exceptions, as a transcript of the docket and journal entries has been filed and is before us. The failure to file a bill of exceptions does not necessarily require the dismissal of the appeal, since errors complained of may be exemplified on the face of the record.

The motion is overruled on both grounds.

*Motion overruled.*

Hornbeck, P. J., Wiseman and Crawford, JJ., concur.

On Motion to dismiss: Court of Appeals for Darke County.

(No. 748—Decided October 19, 1957.)

*Messrs. Goubeaux & Goubeaux* and *Mr. Philip D. Brumbaugh,* prosecuting attorney, for appellee.

*Mr. Max Harley,* for appellant.

Wiseman, J. This cause is now submitted on motion of plaintiff, appellee herein, to dismiss the appeal. Counsel for appellee, in their memorandum attached to the motion, contend the motion should be sustained on three grounds: First, notice of appeal was not filed within time; second, the bill of exceptions was not filed within time; and third, assignments of error and briefs have not been filed.

The record shows that a verdict of guilty was returned by a jury on November 28, 1956; judgment on the verdict was entered, with sentence deferred, on November 29, 1956; an order sentencing the defendant was filed January 7, 1957; notice of appeal was filed January 7, 1957; the transcript of the docket and journal entries was filed in this court on January 11, 1957; and the bill of exceptions was filed in the trial court on February 6, 1957, and in this court on April 16, 1957. No assignments of error or briefs have been filed by the appellant.

First, was the notice of appeal filed within time? Section 2953.05, Revised Code, provides that an appeal may be filed as a matter of right "within thirty days after sentence and judgment." The sentence is the judgment which causes the time to run. *State* v. *Griffin,* 63 Ohio Law Abs., 118, 104 N. E. (2d), 61; 2 Ohio Jurisprudence (2d), 604, Section 35. The entering of judgment on the verdict, with sentence deferred, did not cause the time to run. The order sentencing the defendant, which was filed January 7, 1957, was the order from which the time did run within which to file notice of appeal. It appearing that notice of appeal was filed on the day of sentence, it was filed within time. The first ground of the motion is overruled.

Second, was the bill of exceptions filed within time? Section 2945.65, Revised Code, provides that in criminal cases the bill of exceptions shall be filed in the trial court not later than

thirty days "from the overruling of the motion for a new trial." Inasmuch as no motion for new trial was filed, the thirty-day period would begin to run from the date of judgment and sentence, which in this case was January 7, 1957. The bill was filed in the trial court on February 6, 1957, and, being filed within the thirty-day period, it was filed within time in the trial court. Rule VII D of the Rules of the Courts of Appeals provides that "the bill of exceptions shall be filed in the Court of Appeals within ten (10) days after it is settled and allowed in the trial court." The record shows that the bill was allowed in the trial court on April 16, 1957, and filed in the Court of Appeals on April 16, 1957. Hence, there was a compliance with the rule. The second ground of the motion will be overruled.

Third, is the failure to file assignments of error and briefs good cause for dismissal of the appeal? Section 2953.04, Revised Code, in part provides that: "The brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal." This provision has been held to be directory and not mandatory, and the appellate court may, in the exercise of its discretion, grant additional time for filing the brief. *State* v. *Nickles,* 159 Ohio St., 353, 112 N. E. (2d), 531. In the instant case, the appellant has never requested additional time nor requested this court to fix the time to file brief. Rule VII D controls the filing of briefs in a criminal proceeding. The pertinent part of the rule is as follows:

"Unless otherwise ordered by the court or a judge thereof, upon application duly filed prior to the time herein fixed and good cause shown, the brief of the appellant shall be filed with the transcript and shall contain the assignments of error relied on in such appeal."

Thus, the court by rule adheres to the statutory provision and, also, recognizes the pronouncement of the Supreme Court in the *Nickles case* by providing for an extension of time "for good cause shown." In the instant case, more than nine months have elapsed from the filing of the notice of appeal and transcript of the docket and journal entries. During this time appellant has failed to approach this court to have time fixed or time extended within which to file a brief. The statutory requirements and the rule of court adopted in pursuance thereof

providing for time limits within which certain steps shall be taken on appeal in a criminal proceeding were adopted in the interest of justice; to achieve a speedy determination of the issues presented; to expedite the final determination of the rights of the defendant, as well as the state; and to avoid unnecessary delay.

In the instant case, the failure of the appellant to show good cause or any excuse for not filing a brief as required by the statute and rule justifies a dismissal of the appeal. The third ground of the motion is sustained.

*Judgment accordingly.*

HORNBECK, P. J., and CRAWFORD, J., concur.