DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from the Lucas County Court of Common Pleas. There, appellant, Christopher Wooten, pled guilty to two drug charges: cocaine possession in excess of a kilogram and preparation of cocaine for sale. On February 15, 2001, the court sentenced appellant to a mandatory eight year term of imprisonment for the first degree possession count and a concurrent one year sentence for the fourth degree preparation count.
 {¶ 2} Appellant did not timely file a direct appeal, but on July 16, 2001, sought leave of this court to institute a delayed appeal. We denied leave. State v. Wooten (Aug. 2, 2001), Lucas App. No. L-01-1322. On August 20, 2001, appellant petitioned the trial court for postconviction relief, alleging ineffective assistance of counsel. The trial court rejected appellant's petition, finding alternatively that 1) it was untimely, 2) the doctrine of res judicata was applicable to appellant's claims, or 3) appellant's affidavit of information outside the record is self-serving and lacks credibility.
 {¶ 3} Appellant now appeals this judgment, asserting 1) that he was denied effective assistance of counsel and 2) a "multiplicity of plain errors" denied him justice.
 {¶ 4} Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
 {¶ 5} The trial court's determination that appellant's petition was untimely was erroneous. R.C. 2953.21 (A)(2) requires that a petition for postconviction relief must be filed within 180 days of the expiration of the time for filing an appeal, if no appeal is taken. Appellant was denied leave to file a late appeal; therefore, no direct appeal occurred. Appellant was sentenced on February 15, 2001. Pursuant to App.R. 4(A), appellant's right of appeal expired thirty days subsequent to sentencing. State v. Waymire (1957), 105 Ohio App. 177, 179. Consequently, a postconviction petition filed on August 20, 2001, is within the 180 day period as defined in R.C. 2953.21
 {¶ 6} Nevertheless, the doctrine of res judicata bars a convicted defendant from raising any defense or claim which was or could have been raised at a trial or on appeal, State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus; State v. Szefcyk (1996), 77 Ohio St.3d 93,96, even if there was no direct appeal. State v. Walls (Aug. 20, 1999), Miami App. No. 99CA9.
 {¶ 7} In this matter, appellant attempted to raise a multitude of evidentiary and procedural complaints which are either irrelevant because of his guilty plea, see State v. Maples (Mar. 11, 1994), Lucas App. No. L-93-009, or could have been raised on direct appeal.
 {¶ 8} Appellant's only allegation which has facial standing is his charge that his trial counsel coerced his guilty plea. However, the only documentation appellant submits on this issue is his own unsupported affidavit, the contents of which are refuted by appellant's own responses in the Crim.R. 11 colloquy. Such
 {¶ 9} self-serving testimony may be properly discredited.State v. Calhoun (1999), 86 Ohio St.3d 279, 284-285.
 {¶ 10} Consequently, the trial court properly concluded that the issues appellant raised were barred by res judicata or lacked sufficient credible support. Accordingly, both of appellant's assignment of error are not well-taken.
 {¶ 11} Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J., CONCUR.