THE STATE OF OHIO, APPELLEE, *v.* CRENSHAW, APPELLANT.

[Cite as State v. Crenshaw (1977), 51 Ohio App. 2d 63.]

(No. 5395—Decided March 24, 1977.)

*Mr. Lee C. Falke*, prosecuting attorney, and *Mr. Andrew J. Niekamp*, for appellee.

*Mr. Michael R. Eckhart*, for appellant.

MCBRIDE J. The appellant was convicted by a jury and sentenced for aggravated robbery. For his appeal, he asserts three assignments of error. These will be discussed separately.

The first assignment alleges error in the denial of a new trial based upon the fact that the trial judge used the former definition of reasonable doubt instead of the new one provided in R. C. 2901.05(D), effective January 1, 1974. 4 OJI Criminal 403.50 (1974). The instruction delivered is in the modified form of the former law as appears in 4 OJI Criminal 403.50(a)(1970), supplemented with the additional comments in paragraph b.

With reference to Criminal Rule 30, appellant did call the court's attention by an "objection to the court's instruction on reasonable doubt." This did not set forth the specific error or the ground for the objection. After the verdict was returned, counsel suggested a motion for a new trial and stated: "I think the rules may require that the

new one [definition] be read to the jury." However, he said he would have to check further. This explains why the grounds for the objection were not given at the conclusion of the charge. There is reason to conclude that appellant failed to make the nature of his objection clear, as required; however, in view of the importance of reasonable doubt in criminal trials, we give the assignment further attention to determine the influence of the delivery of the wrong statutory definition. Criminal Rule 52(B).

The two definitions are so well known and available that they will not be repeated here.

The first sentence of the former statute, as used by the trial judge, begins with the explanation:

"Reasonable doubt is not a mere or possible doubt, because everything relating to human affairs or depending upon moral evidence is open to some possible or imaginary doubt."

This language appears as the third sentence of the new statute and represents no change. The second sentence of the new statute reads:

"It [reasonable doubt] is doubt based on reason and common sense."

This is semantic repetition of the word defined unless we assign to "common sense" a meaning other than "reason."

We then approach the major thrust of the change in the new statute.

Formerly, the test for reasonable doubt was an "abiding conviction to a moral certainty of the truth of the charge." While awkwardly worded in the negative form (you cannot say you feel an abiding conviction to a moral certainty), the test for reasonable doubt is a *moral certainty*.

Moral certainty has been replaced by a test described in the first sentence of the new statute as "firmly convinced" of the truth of the charge. The language describes a condition somewhat higher than clear and convincing, as required for certain civil cases, and less than moral certainty, as previously required. Add *abiding conviction* to a

moral certainty, as in the old statute, and it is apparent that a significant change has been made reducing the test of an abiding conviction to a moral certainty to a *present, firm conviction.* The changes in the substance of the definition of reasonable doubt reduce the degree of certainty required and eliminate the implication of a steadfast certainty or conviction. The changes are not mere semantics or philosophical differences. They are significant. This significance lends itself to a unique advantage to the state in its argument to the jury and a disadvantage to the accused.

Our conclusion is substantiated by the final sentence which adds as a test "proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." The reference to the most important affairs of an ordinary person falls short of a test for the life or liberty of an individual. Rather, important affairs is the traditional test for clear and convincing evidence, as required to set aside important written instruments. A standard based upon the "most important affairs of the average juror" is lower than an "abiding conviction to a moral certainty" and reflects adversely upon the accused.

Our conclusion is that the delivery of the former statutory definition of reasonable doubt was not prejudicial to the accused and that the error in failing to comply with the new statute was harmless beyond a reasonable doubt.

In reviewing the two definitions, an obvious mistake was the failure to remove the archaic reference to *moral* evidence in the ancient definition of reasonable doubt. Moral evidence, as a former classification of what may be introduced, lost its technical legal significance generations ago when it was used to designate all evidence except that obtained from intuition or from demonstration. McBride, The Art of Instructing The Jury, Section 8.18. (supp.) The double meaning of the word moral, as to evidence and as to certainty, in the former statute should have been corrected. Moral certainty was removed in the new definition, but the meaningless and confusing expression of moral evidence is perpetuated.

While we must find it to be error to fail to deliver the new statutory definition, such error was harmless and was actually beneficial to the accused. *Beck* v. *State* (1935), 129 Ohio St. 582, Criminal Rule 52(A).

The first assignment of error is overruled.

The second assignment is divided into two parts. The first part is directed to the overruling of the defense motion for acquittal. This was overruled on the state of the evidence and properly so. In the second branch of this assignment, the defense claims a failure to provide a copy of a test and the names of the witnesses. The record fails to disclose a written demand and it fails to disclose a certification that a demand for discovery "has not been provided." Criminal Rule 16(A). The admission of the evidence was discretionary in any event under the circumstances claimed. The second assignment is denied.

The third assignment is that the conviction is not sustained by the evidence. Appellant was identified by the victim at close range and by a customer who saw him leave the premises. This and the circumstantial evidence requires that this assignment be denied.

*Judgment affirmed.*

SHERER, P. J., and KERNS, J., concur.